IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Eugene Westmoreland, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | No. 23-cv-1851 |
| ) | |
| Thomas Dart, Sheriff of Cook County, ) | Judge Tharp, Jr. |
| and Cook County, Illinois, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Construction of the Cook County Jail's Residential Treatment Unit (RTU) was completed in 2013. Exhibit 1, Printout of website for Roula Associates Architects, available at http://www.roularchitects.com/cook-county-residential-treatment-unit-rtu--receiving-classification-diagnostic-center-rcdc.html (last visited May 9, 2023). Two tunnels connect RTU to the rest of the Department of Corrections campus, including the Leighton Courthouse. Exhibit 2, Printout of website from Walsh Construction. RTU has approximately 66 wheelchair accessible beds, *see* Exhibit 3, Implementation Plan at 2, and is one of only two building at the Jail that complies with the 2010 ADA Design Standards, according to the Sheriff's ADA Compliance Officer. Exhibit 4, FY 19 Business Case at 2.

Wheelchair-users, like plaintiff Eugene Westmoreland, routinely traverse non-compliant ramps entering and exiting RTU. In March of 2021,

-1-

Timothy Tyrrell, the General Manager of Cook County's Facility Management Department, sent an e-mail acknowledging the path of travel is not compliant with the ADA. Exhibit 5, Tyrrell e-mail at 2.

Plaintiff and the plaintiff class allege their rights under the ADA and Rehabilitation Act are violated because of the ramps' structural barriers. Plaintiff seeks an order for this case to proceed as a class action pursuant to Rule 23(b)(2) for "all Cook County Jail detainees who have been assigned and currently use a wheelchair to traverse the RTU ramps" and Rule 23(b)(3) for "all Cook County Jail detainees who have been assigned to a wheelchair and used a wheelchair to traverse the RTU ramps from March 24, 2021 to the date of entry of judgment." Plaintiff shows below he meets the requirements of Rule 23(a), (b)(2), and (b)(3).

## I. The Class is Ascertainable

Rule 23, as applied by the Seventh Circuit, requires "that a class must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mine." *Mullins v. Direct Digital, LLC,* 795 F.3d 654, 657 (7th Cir. 2015).

Cermak Heath Service Policy A-08 states the medical staff is responsible for identifying "physically disabled" inmates and must communicate "significant health needs" of inmates to correctional staff. Exhibit 10, Cermak Policy A-08 at 1. A wheelchair is one type of alert that may be communicated to the correctional staff. *Id.* at 7. And Sabrina

Rivero-Canchola, the Sheriff's ADA Compliance Officer, testified the Jail Management System (sometimes called C-COMS) may be used to identify inmates prescribed a wheelchair. Exhibit 11, Rivero-Canchola Dep 33:6-34-11.

Records identifying members of the putative class "provide an extremely clear and objective criterion for ascertaining the class." *Lacy v. Cook County*, 897 F.3d 847, fn. 36 (7th Cir. 2018). Plaintiff shows below that the proposed class satisfies each of the requirements of Rule 23(a) and should be maintained as a class action under Rule 23(b)(2) and (b)(3).

## II. The Proposed Class Satisfies Rule 23(a), (b)(2), and (b)(3)

A party seeking to maintain a case as a class must show that the proposed class satisfies each of the requirements of Rule 23(a) and that the proposed class satisfies one of the subsections of Rule 23(b). *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010).

As the Seventh Circuit observed in *Beaton v. SpeedyPC Software*, 907 F.3d 1018 (7th Cir. 2018), "certification is largely independent of the merits . . . and a certified class can go down in flames on the merits." *Id.* at 1031. Plaintiff shows below that this case satisfies all elements required for certification under Rule 23(b)(2) and (b)(3).

### a. Numerosity

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." The named plaintiff is not required

"to specify the exact number of persons in the class," *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989), but must provide a reasonable estimate of the number of class members. *Miller v. Spring Valley Properties*, 202 F.R.D. 244, 247 (C.D.Ill. 2001). This rule is illustrated in *Phipps v. Sheriff of Cook County*, 249 F.R.D. 298 (N.D.Ill. 2008). There, the plaintiff had identified 12 class members. *Id.* at 300. The court concluded that the evidence supported the "sensible estimate" that the class would consist of more than fifty persons and thereby satisfied the numerosity requirement of Rule 23(a)(1). *Id.* The general rule is that a class of 40 satisfies the numerosity requirement of Rule 23(a)(1). *George v. Kraft Foods Global*, 270 F.R.D. 355, 365 (N.D. Ill. 2010).

In *Lacy v. Dart*, Dart and Cook County conceded approximately 60 wheelchair-users were detained at the time the parties briefed a motion for class certification. 2015 WL 1995576, at *3 (N.D. Ill. 2015). The Seventh Circuit affirmed the certification of the *Lacy* class comprising of "[a]ll Cook County Jail detainees who have been assigned and currently use a wheelchair." *Lacy v. Cook County*, 897 F.3d 847, 863-67 (7th Cir. 2018).

Defendants maintain records that can identify the number of wheelchair-users housed in RTU. *See Lacy*, 897 F.3d at n. 36 (noting the "fact that the Department of Corrections keeps records of all wheelchair-assigned detainees also undermines the defendants' [challenge to ascertainability] . . . These records provide an extremely clear and

-4-

objective criterion for ascertaining the class."). A record from May 7, 2021 identifies 18 detainees assigned to RTU were permitted to use a wheelchair. Exhibit 6, Rivero-Canchola e-mail sent 5/7/2021 titled "Mobility aid list." And when a wheelchair-user is moved from RTU to Leighton Courthouse, an e-mail is sent by the Sheriff's staff identifying the wheelchair-user. Exhibit 7, V.Payton e-mail sent 5/2/2019 titled "ADA Movement for 5/2/2019; Exhibit 8,T.Hagen e-mail sent 4/21/2021 titled "Wheelchair Courts 4-21-21" referencing an attachment. Since RTU is capable of housing about 66 wheelchair-users, a sensible estimate of the class is about 300 persons. Plaintiff has shown by a preponderance of the evidence that the numerosity requirement is met.

### b. Commonality

To satisfy the commonality requirement of Rule 23(a)(2), the "prospective class must articulate at least one common question that will actually advance all of the class members' claims." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 550 (7th Cir. 2016); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011).

Here, the plaintiff presents two common legal and factual questions. Are the RTU ramps required to comply with the federal structural standards set by the ADA and Rehabilitation Act? And, if so, do the ramps comply with these standards? As the Court of Appeals explained in *Lacy*, "[p]erhaps the most obvious example of such discrimination is when

structural barriers prevent people with disabilities from accessing otherwise available public services." 897 F.3d at 853.

In *Bennett v. Dart*, Case No. 18 C 4268, the district court was presented with nearly similar questions pertaining to the application of the federal structural standards to toilets and showers in Division 10 at the Jail. The district court initially found these questions were inappropriate for class certification on belief such a decision would run afoul of the rule against one-way intervention. Exhibit 12, *Bennett v. Dart*, Case No. 18 C 4268, Dkt. 119, Minute entry. The Court of Appeals granted the plaintiff's petition for an interlocutory appeal under Rule 23(f) and vacated the district court's decision:

> The district judge's view that a class cannot be certified unless the plaintiff has already prevailed on a central legal issue is a formula for one-way intervention rather than a means to avoid it. Bennett, by contrast, proposes a class that will win if the Standards apply (and were violated, to detainees' detriment) and otherwise will lose. That's how class actions should proceed.

*Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020).

The same analysis in *Bennett* applies to the legal and factual questions here. The legal question whether the federal structural standards control in this case will generate class wide answers and direct resolution of this case.

### c. Typicality

A class representative's claims are typical of the proposed class if they "arise[] from the same event or practice or course of conduct that gives rise to the claims of the other class members and [are] based on the same legal theory." *Lacy*, 897 F.3d at 866. The elements of "commonality and typicality typically 'tend to merge.'" *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017).

It is understood that typicality does not require perfect identity of claims. *See Beaton*, 907 F.3d at 1026 (noting that claims "may feature some factual variations as long as they have the same essential characteristics" (internal quotations omitted)). Here, plaintiff Westmoreland shares the same essential characteristics of the proposed class because he uses a wheelchair to ambulate and alleges he is deprived the ability to traverse the ramps on the same basis as non-disabled inmates because defendants refuse to bring the ramps into compliance with applicable federal structural standards. *See Walker v. Dart*, 2021 WL 809765, at *5 (N.D. Ill. 2021) (typicality satisfied where plaintiff alleges defendants refuse to bring ramp at the Jail into compliance with federal standards). Plaintiff, therefore, satisfies the typicality requirement.

### d. Adequacy

Plaintiff and the putative class are represented by competent counsel and they will "fairly and adequately protect the interests of the

class" as required by Rule 23(a)(4). The named plaintiff is: (1) represented by competent counsel,[1] (2) has "a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Ill. 2009). There can be no dispute that Westmoreland is substantially limited in the ability of moving from place to place and uses a wheelchair to ambulate. *See* Exhibit 9, Dr. Bauer Dep at 67-68 (during a December 12, 2022 evaluation Dr. Bauer did not request plaintiff Westmoreland to stand due to his "profoundly weak" leg); Exhibit 13, Westmoreland Inmate Alerts (identifying Westmoreland has been assigned a wheelchair since November 26, 2019). Plaintiff, therefore satisfies the adequacy requirement.

### e. Rule 23(b)(2)

Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final

---

[1] Thomas G. Morrissey has been appointed class counsel in several civil rights cases, including: *Hvorick v. Sheahan*, 92 C 7324 (Shadur, J.); *Watson v. Sheahan*, 94 C 6891 (Bucklo, J.); *Gary v. Sheahan*, 96 C 7294 (Coar, J.); *Bullock v. Sheahan*, 04 C 1051 (Bucklo, J.); *Jackson v. Sheriff*, 06 C 493 (Coar, J.); *Streeter v. Sheriff*, 08 C 732 (Castillo, J.); *Phipps v. Sheriff*, 07 C 3889 (Bucklo, J.); *Parish v. Sheriff*, 07 C 4369 (Lee, J.); *Zaborowski v. Sheriff*, 08 C 6946 (St. Eve, J.); *Smentek v. Sheriff*, 09 C 529 (Lefkow, J.); *Lacy v. Dart*, 14 C 6259 (Gettleman, J.); *Beley v. City of Chicago*, 12 C 9714 (Blakey, J.); *Bell v. Sheriff*, 14 C 8059 (Castillo, J.); *Whitney v. Khan*, 18 C 4475 (Kennelly, J.); *Bennett v. Dart*, 18 C 4268 (Blakey, J.); *Clay v. Dart*, 19 C 2412 (Wood, J.), and *Walker v. Dart*, 20 C 261 (Rowland, J.).

Patrick W. Morrissey has been appointed class counsel in the following case: *Lacy v. Dart*, 14 C 6259 (Gettleman, J.); *Beley v. City of Chicago*, 12 C 9714 (Blakey, J.); *Bell v. Sheriff*, 14 C 8059 (Castillo, J.); *Whitney v. Khan*, 18 C 4475 (Kennelly, J.); *Bennett v. Dart*, 18 C 4268 (Blakey, J.); *Clay v. Dart*, 19 C 2412 (Wood, J.), and *Walker v. Dart*, 20 C 261 (Rowland, J.).

injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(b)(2).

The plaintiff alleges the defendants act on grounds that apply generally to the class by failing to comply with the structural standards required by the ADA and Rehabilitation Act. The plaintiff seeks injunctive relief against the defendants and such relief would further the goals of judicial economy because it avoids the duplicative litigation of identical claims. *See Lacy v. Dart*, 2015 WL 1995576, at *6 (N.D. Ill. 2015). For the same reasons explained in *Walker*, "the proposed class members have a common injury – inability to safely use [ramps] – that would be addressed by the same remedy – bringing the [ramps] into compliance." *Walker*, 2021 WL 809765, at *6. Accordingly, the Court should find that plaintiff satisfied the requirements imposed by Rule 23(b)(2).

### f. Rule 23(b)(3): Predominance and Superiority

"Analysis of predominance under Rule 23(b)(3) 'begins, of course, with the elements of the underlying cause of action.'" *Messner v. Northshore University HealthSystems*, 669 F.3d 802, 815 (7th Cir. 2012), quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S.Ct. 2179, 2184 (2011). The predominance requirement, although similar to questions of commonality and typicality, is more demanding than either of those Rule 23(a) requirements. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).

"Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Connecticut Ret Plans & Trust Funds*, 568 U.S. 455, 459 (2013). Moreover, the "office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Id.* at 460. The method best suited to resolve the common questions here is a class action.

Here, the claim of plaintiff and the putative class turns upon two questions: (1) whether the ADA and Rehabilitation Act's structural standards apply to the RTU ramps, and (2) if so, whether the ramps violate these standards. These questions, for nearly identical reasons explained in *Bennett*, "represent[] the critical aspect, if not the totality, of Plaintiff's case, thereby satisfying predominance." *Bennett v. Dart*, 2020 WL 1812376, at *3 (N.D. Ill. 2020). This issue is relevant to every detainee in the putative class. *Bennett*, 53 F.4th 419, 420 (7th Cir. 2022).

This is a case where the Court can certify this case to resolve an "*issue*, [but] not the whole case." *Bennett*, 53 F.4th 419, 420 (emphasis in original). This is exactly the procedure the Court of Appeals articulated in *Bennett*:

> Class members would receive the benefit of a declaratory judgment (if the class prevails) on the issue but would need to proceed in individual suits to seek damages; by contract, if the

> class loses, every detainee would be bound through the doctrine of issue preclusion. We do not see – and the district judge did not explain – why application of the Standards cannot be determined class-wide, while leaving to the future any particular inmate's claim to other relief.

53 F.4th 419, 420.

In addition to satisfying the predominance prong of Rule 23(b)(3), a class action is superior to other methods for adjudicating the claims of members of the proposed class. The district court in *Bennett* concisely explained this reasoning: "[a]s the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision." 2020 WL 1812376, at *3.

### IX.   Conclusion

For the reasons above stated, plaintiff requests that the Court order that this case proceed as a class action pursuant to Rules 23 (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Patrick W. Morrissey
Patrick W. Morrissey
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
pwm@morrisseylawchicago.com

*Attorneys for Plaintiff*
