UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUGENE WESTMORELAND, Individually and for a class, ) ) ) Plaintiff, ) ) vs. ) ) THOMAS DART, SHERIFF OF COOK COUNTY, ) and COOK COUNTY, ILLINOIS, ) ) Defendants. ) | Case No. 1: 23-cv-01851 |

### DEFENDANT COOK COUNTY SHERIFF THOMAS DART'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, COOK COUNTY SHERIFF THOMAS DART, in his official capacity, by and through his attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for his Answer to Plaintiff's Complaint, states as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12131-32, Section 504 of the Rehabilitation Act, and 29 U.S.C. §794. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 1.**

2. Plaintiff Eugene Westmoreland is a detainee at Cook County Jail. He is assigned booking number 2019-1030026.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 2.**

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 3.**

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners

remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 4.**

5. Defendants Sheriff and Cook County have received federal funds since at least 1988. These funds have been used to construct capital projects at the Cook County Department of Corrections and to provide medical care, including drug treatment, to inmates.

**ANSWER: Defendant Sheriff Dart denies the allegations in paragraph 5.**

6. Plaintiff is substantially limited in major life activity of moving from place to place. From at least December 1, 2019, plaintiff has required a wheelchair to move from place to place.

**ANSWER: Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 6.**

7. Defendants Darts and Cook County know plaintiff has a significant mobility disability. Defendants hired Jeffrey Bauer, M.D., to examine plaintiff on December 12, 2022, who opined plaintiff has a significant disability because of dramatic weakness and atrophy and lack of growth in his left leg due to polio.

**ANSWER: Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 7.**

8. For more than one year plaintiff has been housed in the Residential Treatment Unit (RTU). The RTU opened in 2013 and, at this time, was required to comply with the structural standards imposed by the Americans with Disabilities Act (ADA). The RTU houses most wheelchair-users remanded to the Sheriff of Cook County.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 8.**

9. There are obvious structural barriers with the ramps exiting the RTU to the underground tunnels at the Cook County Department of Corrections. Defendants know these ramps present barriers for wheelchair-users. One ramp does not have a handrail to assist a wheelchair-user, a necessary component for this ramp to satisfy the ADA structural standards. The other ramp is long and does not have a landing area to rest as required by the ADA.

**ANSWER: Defendant Sheriff Dart denies the allegations in paragraph 9.**

10. Defendants know these structural barriers violate the ADA and have caused detainees, like plaintiff Westmoreland, to be unable to traverse the ramps on the same basis as non-disabled inmates. Plaintiff notified defendants of barriers traversing RTU ramps in a grievance filed in December 2022.

**ANSWER: Defendant Sheriff Dart admits that Plaintiff filed a grievance in December 2022 regarding ADA issues. Defendant denies the remaining allegations of paragraph 10.**

11. The plaintiff has experienced pain and has been unable to navigate the ramps on the same basis as non-disabled inmates because of the obvious physical barriers.

**ANSWER: Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 11.**

12. Plaintiff brings this action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure to obtain relief for all wheelchair-users who move up and down RTU ramps.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 12.**

13. The refusal of defendants to correct these obvious physical barriers violates the rights of plaintiff and similarly situated inmates.

**ANSWER: Defendant Sheriff Dart denies the allegations in paragraph 13.**

14. On February 18, 2023, the designated voting area at Cook County Jail was near the gym in Division 4. To reach this voting area from RTU detainees were required to traverse stairs. There was no accessible ramp for wheelchair-users, like plaintiff Westmoreland.

**ANSWER: Defendant Sheriff Dart admits that the voting area at Cook County Jail was near the gym in Division 4 but denies the remaining allegations in paragraph 14.**

15. After voting on February 18 at about 12:30 p.m., plaintiff traversed a makeshift ramp set over stairs. This ramp was unstable and would not allow the safe passage of plaintiff's wheelchair. Plaintiff fell descending the ramp and suffered physical injuries. Plaintiff was transported to the Cermak emergency room later in the day because of these injuries and treated by Dr. Gregory Papiez.

**ANSWER: Defendant Sheriff Dart denies that any ramps were unstable and not capable of allowing safe passage. Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of the remaining allegations and can neither admit nor deny the allegations in paragraph 15.**

16. This makeshift ramp presented an obvious barrier for a wheelchair user. This barrier caused plaintiff the inability to traverse to the voting area on the same basis as similarly situated non-disabled inmates.

**ANSWER: Defendant Sheriff Dart denies the allegations in paragraph 16.**

WHEREFORE, Defendant, COOK COUNTY SHERIFF THOMAS DART, respectfully requests that this court dismiss this lawsuit and/or grant judgment in his favor and against Plaintiff and for costs of suit herein incurred, reasonable attorneys' fees, and any further relief this Court deems just.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, SHERIFF THOMAS DART, by and through his attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for his Affirmative Defenses to Plaintiff's Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE (Failure to Exhaust Administrative Remedies)

1. The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

2. Plaintiff was at all relevant times and the date of filing, a prisoner, therefore subject to the PLRA.

3. To the extent it is revealed that Plaintiff did not properly exhaust his administrative remedies as required by the PLRA, Defendant is not liable for damages therefrom.

### SECOND AFFIRMATIVE DEFENSE (Failure to Mitigate)

1. Plaintiff was required to take reasonable measures to mitigate his alleged injuries and damages.

2. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude or reduce recovery for Plaintiff by application of the principle that a Plaintiff has a duty to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE (Statute of Limitations)

1. Claims arising under the Americans with Disabilities Act ("ADA") and Rehabilitation Act must be brought within two years of the alleged violation.

2. To the extent that Plaintiff's claims in his complaint are barred by applicable statutes of limitations to claims arising under the Americans with Disabilities Act ("ADA"), and The Rehabilitation Act, those facts shall be presented to preclude or reduce recovery for Plaintiff. *See, e.g., Bonnstetter v. City of Chi.,* 811 F.3d 969, 974 (7th Cir. 2016); *Rutledge v. Illinois Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (*citing Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000)).

### FOURTH AFFIRMATIVE DEFENSE
### (No Punitive or Liquidated Damages Under ADA or Rehabilitation Act)

1. Punitive damages are not available under the Americans with Disabilities Act. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

2. Thus, to the extent that Plaintiff seeks punitive damages in this action, such is not available under the ADA. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

### FIFTH AFFIRMATIVE DEFENSE (Failure to Exhaust Administrative Remedies)

1. To the extent it is revealed that Plaintiff did not properly exhaust his administrative remedies as required by the ADA, 42 U.S.C. § 12117(a), et seq, Defendant is not liable for damages therefrom.

### ADDITIONAL AFFIRMATIVE DEFENSES

1. Defendant reserves their right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

Respectfully submitted,

*/s/ Jason E. DeVore*
One of the Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that the above **Defendant Cook County Sheriff Thomas Dart's Answer to Plaintiff's Complaint** was filed on May 31, 2023, with the Northern District of Illinois ECF System, serving a copy on all parties.

                                                                     */s/Zachary Stillman*_____
                                                                       Zachary Stillman