IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eugene Westmoreland, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 23-cv-1851 |
| -*vs*- | ) | |
| | ) | Magistrate Judge Gilbert |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION FOR DISCOVERY STATUS HEARING**

Plaintiff Eugene Westmoreland, by counsel, moves the Court for a discovery status hearing regarding a notice to inspect ramps at issue in this litigation pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure.

Grounds for this motion are as follows:

1.  Plaintiff Eugene Westmoreland, a wheelchair-using detainee at Cook County Jail, alleges his rights under the Americans with Disabilities Act (ADA) and Rehabilitation Act have been and continue to be violated because of obvious barriers moving up and down non-compliant ramps in two buildings, the Residential Treatment Unit (RTU) and Division 4. In addition to damages, plaintiff seeks appropriate prospective relief. *See* Dkt. 1, Complaint at 4.

2.  Plaintiff has moved for class certification under Rules 23(b)(2) and (b)(3) seeking to represent all detainees who move up and down the RTU ramps. *See* Dkt. 7, Motion for Class Certification. This motion will be fully briefed by the end of July. *See* Dkt. 11, Minute entry.

3. Defendants deny the ramps located in the lower level of the RTU violate the ADA structural standards. Dkt. 13, Cook County Answer ¶ 9; Dkt. 14, Sheriff Answer ¶ 9. Defendants also deny that plaintiff Westmoreland traversed an unsafe makeshift ramp in Division 4 to vote on February 18, 2023. Dkt. 13, Cook County Answer ¶¶ 14-16; Dkt. 14, Sheriff Answer ¶¶ 14-16.

4. In *Bennett v. Dart*, 953 F.3d 467 (7th Cir. 2020), plaintiff asserted claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act, alleging Division 10 at the Jail lacked grab bars and other fixtures needed for disabled detainees to shower and toilet. The Seventh Circuit remanded the case to be certified and held the plaintiff "proposes a class that will win if the Standards apply (and were violated, to detainees' detriment) and otherwise will lose." 953 F.3d at 469. A few years later the Seventh Circuit reviewed *Bennett* again explaining "the class as certified presents what appears to be a straightforward question about whether Division 10 complies with the Standards." *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022).

5. In the instant case there are two proposed class issues: (1) whether the Americans with Disabilities Act (ADA) and/or the Rehabilitation Act are applicable to the ramps leading in/out of the RTU; and (2) whether the ramps violate the federal structural standards.

6. On May 30, 2023, plaintiff served a request to inspect the ramps at issue in this litigation pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure. Exhibit 1, Inspection Notice.

7. The timely inspection of the ramps is critical, especially for plaintiff to prepare a motion for injunctive relief. *See* Dkt. 1, Complaint at 4.

8. Beginning on June 8th, plaintiff's counsel contacted defense counsel to confer regarding the inspection request. Exhibit 2, at 7-8, P.Morrissey e-mail sent 6/8/2023. Despite several e-mails discussing why the inspection is necessary and a telephone conferral on June 21st, defense counsel has been unable to coordinate a date and time for plaintiff's counsel and his retained architect to inspect the ramps.

9. During a telephone conferral on June 21st, plaintiff's attorney explained the need for the inspections and that access to the Jail routinely has been provided by the Jail in other cases arising under the ADA.[1] Furthermore, defense counsel was informed that prior to each inspection, the parties typically enter into an understanding regarding the timing for the inspection and the equipment to be brought into the Jail by the consultant. Despite these representations and frequent email back and forth, defense counsel has not taken steps to coordinate the inspection.

---

[1] Defendants Sheriff and Cook County have permitted inspection of other ramps at Cook County Jail in similar cases. In *Walker v. Dart*, 20-cv-261, the parties inspected an allegedly non-compliant ramp at Cook County Jail located in another building, the Cermak Infirmary, on May 11, 2021. This inspection helped the parties to understand the alleged structural deficiencies and facilitated the entry of an agreed order directing defendant Cook County to install hand-railings that comply with the ADA. *See* Exhibit 3, Order entered in *Walker v. Dart*, 20-cv-261. Plaintiff's counsel also inspected ramps at the Leighton Courthouse and five suburban courthouses in *Lacy v. Dart*, 14-cv-6259. And recently on April 28, 2023, the Sheriff and County permitted an inspection of every living unit in Division 10 in *Bennett v. Dart*, 18-cv-4268. A copy of the *Bennett* inspection protocol is attached as Exhibit 5.

10. A short status with the Court may greatly assist the parties to coordinate this inspection consistent with Rule 1. *See* Exhibit 4, J.DeVore e-mail sent 6/26/2023 (defense counsel acknowledging "[w]e have never refused an inspection").

It is therefore respectfully requested that the Court set a discovery status hearing to address the inspection of the ramps at issue in this litigation: the two ramps in the lower level of the RTU and the Division 4 ramps that plaintiff navigated to vote in February 2023.

Respectfully submitted,

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643

*an attorney for plaintiff*

**LOCAL RULE 37.2 CERTIFICATION**

The undersigned attorney for plaintiff certifies the following statement in accordance with Local Rule 37.2:

1. On June 8, 2023, the undersigned left the lead attorney for defendants, Mr. Jason DeVore, a voice mail message seeking to confer regarding the inspection notice. The undersigned subsequently memorialized this voice mail message in an e-mail sent the same day. Exhibit 2 at 7-8, P.Morrissey e-mail sent 6/8/2023.

2. Attorney Tom Morrissey held a phone conferral on June 21st with Mr. DeVore regarding why plaintiff seeks the inspection and plaintiff's willingness to set up reasonable protocols for the inspections. Based on this conferral, plaintiff's counsel agreed to provide until Friday, June 23rd, for defendants to establish a final position regarding this inspection. *See* Exhibit 2, T.Morrissey e-mail sent 6/21/2023 at 4:02 pm.

3. Following e-mail communications on June 23rd, defense counsel stated "we are not refusing an inspection, but rather hoping to work out details." Exhibit 4, J.DeVore e-mail sent 6/26/2023 at 11:33 am. Plaintiff's counsel then left a voice mail messages and e-mails on June 26th and June 27th seeking a position whether defendants would agree to request a discovery status to discuss this matter pursuant to the Court's order entered on June 5th. *See* Dkt. 16, Minute entry ("If the parties believe a discovery status hearing is necessary either before or when they file their next status report, they should email the Court's courtroom deputy with that request."). Despite communication on June 26th and June 27th

(including voice mail messages each day) plaintiff's counsel did not receive a position whether defendants agree to this request.

4. Despite good faith attempts to resolve these disputes, the parties have been unable to reach agreement regarding the inspection of the ramps at issue in this case and plaintiff's counsel requests a discovery status with the Court to address this issue.

/s/ Patrick W. Morrissey