**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Eugene Westmoreland, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-1851 |
| | ) | |
| v. | ) | |
| | ) | |
| Cook County Sheriff Thomas Dart, et al. | ) | Judge Tharp, Jr. |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART and COOK COUNTY, a body politic and corporate, by and through their attorneys, Special Assistant State's Attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and pursuant to Federal Rule of Civil Procedure 23, submit the following Response in Opposition to Plaintiff's Motion for Class Certification:

**Table of Contents**

INTRODUCTION ........................................................................................................ 3

FACTS ........................................................................................................................ 3

ARGUMENT ............................................................................................................... 5

  I.   PLAINTIFF'S ASSERTED CLASS DEFINITION FAILS TO SATISFY THE RULE 23(a) REQUIREMENTS ................................................................................................ 5

    A.  Plaintiff Fails to Present a Question that is Common to the Proposed Class. ................. 5

    B.  Plaintiff Fails to Show Their Claims are Typical of the Claims or Defenses of the Classes ......................................................................................................................... 8

    C.  Plaintiff Fails to Show Satisfaction of the Numerosity Requirement. ........................... 10

  II.  PLAINTIFF'S CLAIM FAILS TO SATISFY THE RULE 23(b)(2) REQUIREMENTS. 12

    A.  Plaintiff Fails to Show Satisfaction of the Requirement that the Contemplated Equitable Relief be Appropriate for the Whole Class. ......................................................................... 12

    B.  Plaintiff Fails to Show Satisfaction of the Finality Requirement. ................................... 14

1

III.    PLAINTIFF'S CLAIM FAILS TO SATISFY THE RULE 23(b)(3) REQUIREMENTS. 15

A.  Plaintiff Fails to Show that Class Questions Predominate Over Questions Individual to Members of the Class. ........................................................................................................ 15

B.  Plaintiff Fails to Show that a Class Action is the Superior Method of Adjudication of this Case. ........................................................................................................................ 17

IV.  PLAINTIFF FAILS TO DEFINE AN ASCERTAINABLE CLASS PURSUANT TO RULE 23. ........................................................................................................................ 19

CONCLUSION ...................................................................................................................... 20

## Table of Cases

U.S. Supreme Court

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) .............................................................. 8
*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................... 6, 14

Seventh Circuit

*Andrews v. Chevy Chase Bank*, 545 F.3d 570 (7th Cir. 2008) ............................... 13, 19
*Bennett v. Dart*, 953 F.3d 467 (7th Cir. 2020) ........................................................... 8, 17
*Dancel v. Groupon, Inc.*, 949 F.3d 999 (7th Cir. 2019) ................................................ 17
*Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481 (7th Cir. 2012) ..................... 14, 15, 19
*Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883 (7th Cir. 2011) ............ 13, 14
*Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672 (7th Cir. 2009). ..................................... 12
*Lacy v. Cook Cnty.*, 897 F.3d 847 (7th Cir. 2018) ....................................................... 5, 8
*Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802 (7th Cir. 2012) .......... 15, 16, 17, 18
*Mullins v. Direct Digital, LLC,* 795 F.3d 654 (7th Cir. 2015) ....................................... 11
*Parko v. Shell Oil Co.*, 739 F.3d 1083 (7th Cir. 2014) ................................................. 16
*Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541 (7th Cir. 2016) ..................................... 6
*Puffer v. Allstate Ins. Co.*, 675 F.3d 709 (7th Cir. 2012) ................................................ 7
*Simer v. Rios*, 661 F.2d 655 (7th Cir. 1981) ................................................................ 17
*Steimel v. Wernert*, 823 F.3d 902 (7th Cir. 2016) .................................................. 19, 20
*Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672 (7th Cir. 2001) .............................. 6, 12

District Courts

*Bennett v. Dart*, 18-cv-04268, 2020 WL 1812376 (N.D. Ill. Apr. 9, 2020) ...... 16, 17, 18
*Cwiak v. Flint Ink. Corp.,* 186 F.R.D. 494 (N.D. Ill. 1999) ......................................... 10
*Lacy v. Dart*, 14 CV 6259, 2015 WL 1995576 (N.D. Ill. Apr. 30, 2015) ............... 10, 11
*McBean v. City of N.Y.*, 228 F.R.D. 487, 492 (S.D. N.Y. 2005) ................................... 20
*Murray v. ETrade Fin. Corp.*, 240 F.R.D. 392 (N.D. Ill. 2006) .................................. 10
*Walker v. Dart*, 20-cv-0261, 2021 WL 809765 (N.D. Ill. Mar. 3, 2021) ........ 5, 9, 13, 14

## INTRODUCTION

Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12131-32 (The "ADA"), and The Rehabilitation Act, 29 U.S.C. § 794 (The "RA"), alleging lack of compliance with applicable standards under the ADA. Plaintiff's Complaint seeks liability with respect to use of ramps in two Divisions of the Cook County Department of Corrections ("CCDOC") – A ramp in Division 4 (Compl., **ECF No. 1 ¶¶** 14-15.) and ramps connecting the Division 08/RTU building to the rest of the CCDOC compound. (Def. Sheriff Dart Ans., **ECF No. 14 ¶** 9.) However, Plaintiff's Motion for Class Certification, and the accompanying Memorandum in Support, focus only on the Division 08/RTU ramps, and Plaintiff seeks to certify a class under Rule 23(b)(2) ("all Cook County Jail detainees who have been assigned and currently use a wheelchair to traverse the RTU ramps") and also under 23(b)(3) ("all Cook County Jail detainees who have been assigned to a wheelchair and use a wheelchair to traverse the RTU ramps from March 24, 2021 to the date of entry of judgment"). (Mot. for Class Cert., **ECF No. 7**; Memo. in Support ("Memo."), **ECF No. 8**.) Plaintiff has not moved to certify any class with respect to his allegations of an injury in Division 4 on February 18, 2023.

Plaintiff's motion for class certification should be denied for several reasons set forth below. At a minimum, Plaintiff's Motion is premature. Plaintiff filed this Motion for Class Certification on May 9, 2023, before serving any discovery requests on any parties or Defendants, and without the benefit of any discovery responses, depositions, or other evidence to bolster his arguments to meet his class requirements under Rule 23. (Mot. for Class Cert.; Memo.)

## FACTS

Plaintiff Westmoreland entered the custody of the CCDOC in October 2019, and has been housed in three different Divisions: Division 8, also known as Cermak Hospital; Division 08-RTU,

which is the housing location at issue in this motion; and Division 10. (Eugene Westmoreland Bed Assignments and Inmate Alerts, attached hereto as **Group Exhibit A**.) Plaintiff has been housed continuously in the RTU since April 1, 2020. (Grp. Ex. A.) Plaintiff has had a "wheelchair" prescription from medical providers since November 26, 2019. (*Id.*) In December 2022, Plaintiff submitted a detainee grievance which stated:

> This grievance is concerning the steep in the non-compliant ramps I used yesterday to roll up and down in my wheelchair to reach Cermak. Moving up and down these steep ramps has caused my hands to burn, upper body pain in my already damaged upper body and it also deprive [sic] me of the ability to move to and from Cermak equal to that of a non disable [sic] detainee.

(Plaintiff's December 12, 2022, Grievance, attached hereto as **Exhibit B**.)

Although discovery has barely commenced in this case, Defendants submit that discovery will reveal Plaintiff's alert to reflect that he was allowed a wheelchair for use at all times in the CCDOC, even when Plaintiff was housed in Division 10 or Cermak Hospital. Discovery will confirm that "the RTU" and "Cermak" are distinct locations on the CCDOC compound. Defendants also submit that discovery will show that wheelchair prescriptions or alerts are entered by medical providers at Cermak Hospital which is a part of the Cook County Health and Hospitals system. Discovery will reveal that there are other types of wheelchair alerts as well and will develop facts as to other locations in which persons with "long distance only" wheelchair alerts can be housed outside of Division 08-RTU.

Unfortunately, Plaintiff filed the present Motion for Class Certification weeks before commencing written discovery and without the benefit of any depositions in this case to discover any evidence to support the proposed class. The response to the present motion is due even before Defendants' responses to Plaintiff's first requests for production, and no depositions have been taken. None of the testimony cited or referenced in Plaintiff's Memorandum was elicited in this case, about this potential class, or specifically about the RTU ramps. For example, Plaintiff relies

on rulings or discovery in *Lacy v. Cook Cnty.*, 897 F.3d 847, fn. 36 (7th Cir. 2018). But *Lacy*, a 2014 case, was about ramps at the courthouses, not housing and travel at the CCDOC. *Id.* at 851 ("Their claims are based on purportedly inaccessible ramps and bath-room facilities at six county courthouses."). Plaintiff also freely relies upon *Walker v. Dart,* 20-cv-0261, 2021 WL 809765, at *5 (N.D. Ill. Mar. 3, 2021). *Walker* was another suit from the same counsel about use of ramps by wheelchair users, and involved an injunctive relief class, but the ramps at issue were within the Cermak Hospital, a separate and distinct location from the RTU. *Id. Walker* is still pending. Plaintiff has unfairly glossed over these distinctions and details in a rush to get a class certified with respect to the RTU, without even waiting for initial discovery responses.

## ARGUMENT

At this early stage, before Defendants' initial discovery responses are complete or submitted, Plaintiff is patently unable to satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b). "A class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites for class certification have been met." *Lacy v. Cook Cnty.*, 897 F.3d at 863.

Plaintiff has failed to meet his burden of establishing commonality, typicality, and numerosity (under Rule 23(a)), appropriate-ness and finality (under 23(b)(2)), as well as predominance and superiority (under Rule 23(b)(3)). Additionally, Plaintiff's proposed class is insufficient ascertainable and relies on a class definition which requires subjective, individual determinations. Here, Plaintiff's asserted class definition cannot be appropriately certified.

## I.    PLAINTIFF'S ASSERTED CLASS DEFINITION FAILS TO SATISFY THE RULE 23(a) REQUIREMENTS.

### A.  Plaintiff Fails to Present a Question that is Common to the Proposed Class.

Commonality demands that a plaintiff do more than just raise a common question, which any plaintiff with a competently crafted class complaint could do. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, such proposed common question "must be of such a nature that it is capable of classwide resolution." *Id.*

When assessing the commonality requirement, "courts [do] not simply apply[] a pleading standard; instead a prospective class 'must be prepared to prove that there are *in fact* ... common questions of law or fact.'" *Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 550 (7th Cir. 2016) (quoting *Wal-Mart*, 564 U.S. at 350 (emphasis in original)). The commonality analysis "may not simply assume the truth of the matters as asserted by the plaintiff[.]" *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). Rather, it can "entail some overlap with the merits of the plaintiff's underlying claim." *Phillips*, 828 F.3d at 550.

Plaintiff proposes two questions, both insufficient to meet the threshold for commonality:

**(1) Are the RTU ramps required to comply with the federal structural standards set by the ADA and Rehabilitation Act?**
**(2) And, if so, do the ramps comply with these standards?**

(Mot. for Class Cert. 5.)

Plaintiff has not met the burden of proof required to show that each question satisfies commonality such that refutation of his assertions alone is difficult. As the Seventh Circuit noted in *Phillips*, 828 F.3d at 555, the commonality requirement is "not simply … a pleading standard[.]" Plaintiff is required to present real evidence showing the existence of common questions of law and fact. Instead, Plaintiff insists similarity to another case handled by his counsel, explains very little in the context of what that similarity would be, and then concludes without further support that the Court's analysis there also should apply here. The paucity of the evidence presented reflects the weakness of Plaintiff's position.

6

Because analysis of commonality can even go so far as to look directly at the merits of success in a claim, Plaintiff's assertion is woefully insufficient to show commonality. The commonality analysis cannot be undertaken when Plaintiff has treated it as a mere pleading requirement to be satisfied with the proper language and insistence that this is alike another circumstance without detail as to why. No substantial evidence or facts have been asserted which would represent that the RTU ramps are at all *at issue* or *an issue* for any other detainees. Plaintiff makes no argument beyond the conclusory statement that "[Plaintiff] … uses a wheelchair to ambulate and … is deprived [of] the ability to traverse the ramps on the same basis as non-disabled inmates because defendants refuse to bring the ramps into compliance with applicable federal structural standards." (Memo. 7.)

While Plaintiff asserts some scant facts regarding ramps, he relies on portions of deposition testimony (taken in a different matter) from a County employee who has no qualifications, experience or knowledge required to make any determination regarding the condition of the ramps. Importantly, the County employee upon which plaintiff bases his contention that the RTU ramps were not in compliance with the ADA, is not an architect and has no ability to connect the dots for plaintiff. Also, plaintiff has not attempted to develop any argument that ties a layperson's opinion with any facts to satisfy the Rule 23 commonality requirement. (*See Id.* at 1-2, 5-6; *see also* Ex. 5 to Pltf. Memo., **ECF No. 8-5**.) Accordingly, Plaintiff has forfeited his argument relating to commonality *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (stating that a party waives an argument that is "underdeveloped, conclusory, or unsupported by law" and that a party must "allege facts and *indicate their relevance* under the correct legal standard" (emphasis added) (citation omitted)).

Further, Plaintiff relies upon *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020), and wrongly contends that it involved "nearly similar questions" related to applying "federal standards to toilets and showers in Division 10 at the Jail." (Memo. 6.) Yet, despite Plaintiff's argument to the contrary, the *Bennett* court did not hold that Plaintiff satisfied the commonality element. Instead, the Court decided that it was merely possible for a class to be certified and remanded the case to the district court to perform class certification analysis. *Id.* Thus, Plaintiff's alignment of *Bennett* with this case is out of balance.

## B. Plaintiff Fails to Show Their Claims are Typical of the Claims or Defenses of the Classes

Plaintiff fails to establish that his claims "are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement is meant to ensure that the named plaintiff's claims have "the same essential characteristics as the claims of the class at large." *Lacy*, 897 F.3d at 866 (citation omitted). Rule 23 "does not set forth a mere pleading standard." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (citation omitted). A plaintiff must "be prepared to prove that there are *in fact* ... typicality of claims." *Id.* (citation and internal quotation marks omitted).

To the contrary, Plaintiff's claims present as fairly *atypical* of the claims of his proposed class. Plaintiff would have this Court believe he is an average member of what he asserts is a class of detainees who have been less able to ambulate the ramps to the RTU as a result of their disability and the wheelchairs they utilize, however Plaintiff conveniently leaves out any details that might demonstrate that his claims are "typical" and has yet to fill in these gaps with discovery. There is no facts or evidence presented in this case by any party about the typicality of these claims. Plaintiff has not disclosed or deposed any other detainees, witnesses, or co plaintiffs.

With regard to the proposed 23(b)(2) class ("all Cook County Jail detainees who have been assigned and currently use a wheelchair to traverse the RTU ramps"), Plaintiff has not pled any

facts or statements that might, if true, establish that any other disabled detainees had problems or issues navigating this ramp, not to mention issues that might be typical of a class. In fact, Plaintiff has only provided the barest allegations describing his own difficulties, presenting a single sentence to describe his experience: "[P]laintiff has experienced pain and has been unable to navigate the ramps on the same basis as non-disabled inmates because of the obvious physical barriers." (Compl. ¶ 11.) Defendants' initial document production reveals a grievance Plaintiff wrote about a "ramp" issue, but the grievance says nothing to further an argument of typicality:

> This grievance is concerning the steep in the non-compliant ramps I used yesterday to roll up and down in my wheelchair to reach Cermak. Moving up and down these steep ramps has caused my hands to burn, upper body pain in my already damaged upper body and it also deprive [sic] me of the ability to move to and from Cermak equal to that of a non disable [sic] detainee.

(Ex. B.) Notably, this grievance does not mention the RTU. It also appears to refer to the Cermak ramp, which is the subject of the aforementioned *Walker* lawsuit, and not the ramps in the RTU. Defendants submit that these bare statements are insufficient, even at this stage, to establish the existence of the same essential characteristics as the claims of the class at large.

With respect to Plaintiff's proposed Rule 23(b)(3) class ("all Cook County Jail detainees who have been assigned to a wheel-chair and use a wheelchair to traverse the RTU ramps from March 24, 2021 to the date of entry of judgment"), there is a similar absence of development of facts to support a finding of typicality. Plaintiff has not, in fact, established that every detainee assigned a wheelchair alert would have used the RTU ramps on the same basis, and would have navigated the ramps without assistance, let alone that his issues with the ramp have the same essential characteristics of every other wheelchair user, no matter whether they were housed or transported through in the CCDOC. Plaintiff has not presented even the most basic facts that might establish that his experience with the RTU ramps, as a person housed in the RTU, was the same or similar to the experiences of persons housed in Cermak, Division 10, Division 6, or Division 2.

Plaintiff should be required to do the work to develop facts that establish that every person assigned a wheelchair alert would have used the RTU ramps on the same basis as Plaintiff Westmoreland.

### C. Plaintiff Fails to Show Satisfaction of the Numerosity Requirement.

Plaintiff cannot satisfy the numerosity requirement, which requires a plaintiff to positively show that the class is so numerous that joinder of all members is impracticable. *Cwiak v. Flint Ink. Corp.,* 186 F.R.D. 494 (N.D. Ill. 1999). Class estimates may not be based on speculation. *Murray v. ETrade Fin. Corp.*, 240 F.R.D. 392 (N.D. Ill. 2006). Here, having filed his motion before even initiating discovery, Plaintiff relies only on counsel's history of similar class actions to build a class and attempts to salvage his claim by aligning it with *Lacy v. Dart*, 14 CV 6259, 2015 WL 1995576 (N.D. Ill. Apr. 30, 2015), which significantly differs from this matter.

Plaintiff speculates a class size of "about 300 persons[,]" which comprises "all Cook County Jail detainees who have been assigned and currently use a wheelchair to traverse the RTU ramps" and "all Cook County Jail detainees who have been assigned to a wheelchair and used a wheelchair to traverse the RTU ramps from March 24, 2021[,] to the date of entry of judgment." (Memo. 2, 5.) Plaintiff's class definition does not actually include a requirement that the class members have been housed in the RTU, only that they have wheelchairs and have used the ramps at some point. But there has been no discovery concerning how many or which wheelchair uses use the RTU ramps. Instead, Plaintiff presents this number by relying heavily on *Lacy*, where there were approximately 60 wheelchair users in the class, and then jumps to a conclusion that numerosity is undisputedly satisfied here. *Id.*

First, discovery will be necessary to fully explore and test any reliance on figures from the *Lacy* cases, as figures may differ in the context of movement up and down the RTU ramps, as opposed to the numbers based on wheelchair movement to and from court in *Lacy*. Second, it

should not be simply presumed that documents produced in *Lacy* reflect or mirror the present demographics of CCDOC. *Lacy* was a 2014 case, 14-CV-6259, and the first motion to certify that class was filed in September 2014. *See Lacy* v. *Cook Cnty.,* 14-CV-6259, ECF No. 21. Subsequent motions to certify an Amended Class were filed in early 2015 and *Lacy's* motion was granted on April 30, 2015. *Id*. at ECF No. 142. In *Lacy*, the class size was determined in reliance on records that are not a part of this case, and no facts or evidence indicate that the proposed class members in this case share the same qualities or injuries as those in *Lacy*. Plaintiff cannot reasonably rely simply on a sample of the discovery produced about wheelchair users in 2014 and 2015 to support his factual assertions *in 2023*. Third, the CCDOC population and movement in 2020 and 2021 during the pandemic (where non-essential movement was greatly reduced) would require exploration during discovery. In this case, Plaintiff has developed no facts about the population of wheelchair users using the RTU ramps between 2019 and the present.

Furthermore, and unlike the class size asserted by Plaintiff, the class size in *Lacy* was not speculative and could be qualified. In the instant case, Plaintiff's proposed class lacks concrete facts or other qualifying metrics, making it inherently speculative. Specifically, his class definition merely designates "wheelchair bound inmates" as the threshold characteristic which he believes satisfies the element of numerosity. In doing so, Plaintiff fails to assert any injuries or damages that are similar to those he alleges to have suffered in the proposed class.

The proposed class is vague at best, as it fails to identify a particular group, harmed during a particular time, and harmed in a particular way. *Mullins v. Direct Digital, LLC,* 795 F.3d 654, 660 (7th Cir. 2015). Additionally, Plaintiff's proposed class definition is overbroad because it includes many class members who were not affected and/or suffered no damages. It is well established that a class should not be certified if it is apparent that it contains a great many people

11

who have suffered no injury at the hands of the defendant. *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009).

Finally, Plaintiff fails to demonstrate that their proposed class satisfies the numerosity requirement because the proposed definition is over-inclusive of all inmates who use wheelchairs without regard to the extent of denial of their respective ADA rights, if any. As mentioned above, no discovery has been completed in this case, and discovery would be appropriate to reflect the types of wheelchair alerts, all places in which persons with wheelchair alerts might be housed, and even which persons with wheelchair alerts would ever have reason to use the RTU ramps, when not housed in the RTU. Plaintiff's class definitions assume that every person with a wheelchair would have used the ramps on the same basis as he, but he has not developed any facts to support this conclusion or assumption.

When reviewing whether class certification is appropriate, a court "may not simply assume the truth of the matters as asserted by the plaintiff," but instead must receive evidence and resolve factual disputes as necessary to decide whether certification is appropriate. *Szabo*, 249 F.3d at 676. The basic assertion that any inmate assigned a wheelchair in the RTU has suffered a violation of their ADA rights, as alleged, is entirely unsupported. Plaintiff has not produced sufficient proof to the contrary except for Westmoreland's personal grievances.

Plaintiff's proposed class fails to meet the numerosity requirement and his Motion for Class Certification should be denied.

## II.     PLAINTIFF'S CLAIM FAILS TO SATISFY THE RULE 23(b)(2) REQUIREMENTS.

### A. Plaintiff Fails to Show Satisfaction of the Requirement that the Contemplated Equitable Relief be Appropriate for the Whole Class.

The first requirement for certification of a claim under Rule 23(b)(2) is that "the contemplated equitable relief must be ... 'appropriate respecting the class as a whole[.]'" *Kartman*

*v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011) (quoting Fed. R. Civ. P. 23(b)(2)).

Plaintiff fails in his motion to make an argument for satisfaction of appropriateness. While he claims to seek injunctive relief against Defendants and that "such relief would further the goals of judicial economy because it avoids the duplicative litigation of identical claims[,]" he declines entirely to expand upon how other litigation would be duplicative, as well as what specific injunctive relief is sought. (Memo. 9.) Further, it is notable that Plaintiff asserts avoidance of duplicative litigation as one of the ways the judicial economy would be furthered through certification of a class, considering his subsequent arguments for satisfaction of the Rule 23(b)(3) requirements under a theory of class certification based on an *issue* as opposed to on the claim at large will necessitate individual claims by each and every class member in order to obtain any relief through the resultantly issued declaratory judgment. *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008).

Moreover, Plaintiff supports his argument for appropriateness of the proposed injunctive with reference to the case *Walker v. Dart*, 2021 WL 809765, at *6 (noting class members' common injury of inability to use ramps would be addressed by same remedy – bringing ramps into compliance). However, *Walker* is distinguishable in that it involved a ramp in another Division – Cermak Hospital – without any landing areas for rest (in violation of the ADA) which was so long and steep that detainees were burning their hands on the brakes of their wheelchairs during attempts at self-traversal. *Id.* at *1. Here, Plaintiff Westmoreland has not made similar allegations about injuries to anyone other than himself. The *Walker* court noted that because of this, there was an actual "inability to safely use the ... ramp[,]" whereas the same cannot be said to be the case here. The *Walker* plaintiff provided actual evidence of documentation of the ramp in that case

"exceed[ing] code requirements[.]" *Id.* No such support has been asserted or developed by Plaintiff herein.

Therefore, Plaintiff fails to satisfy the appropriateness requirement.

**B. Plaintiff Fails to Show Satisfaction of the Finality Requirement.**

The other requirement of Rule 23(b)(2), finality, necessitates that the contemplated equitable relief sought by the putative class be "final" to "the class as a whole." *Kartman*, 634 F.3d at 892-94 (quoting Fed. R. Civ. P. 23(b)(2)). "In other words, claims for individualized relief ... do not satisfy Rule 23(b)(2)." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 499 (7th Cir. 2012) (internal citations omitted). Class certification under 23(b)(2) is not permitted where individual class members would be entitled to different or individualized relief. *Wal-Mart*, 564 U.S. at 357.

Here, not all members would receive the same relief or accommodation. For example, not all inmates who use wheelchairs require the same degree of assistance using ramps, and Plaintiff has alleged physical injury based in his difficulties in navigating the RTU ramps. A case-by-case analysis is required to determine what types of accommodations an inmate using a wheelchair may need, and whether any other persons were injured in a similar manner. While these allegations might give rise to individual damages claims for Plaintiff, they are not proper claims upon which to base a 23(b)(2) class litigation matter.

In *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d at 499, plaintiff superficially structured their case and motion for class certification as a 12(b)(2) claim for class-wide injunctive and declaratory relief. This effort failed as the court noted that the individualized relief sought by Plaintiff "would be class-wide in name only" as individualized relief cannot be obtained under 12(b)(2). *Id.*

Much like the plaintiff in *Jamie S.*, Plaintiff asserts claims on behalf of the entire class alleging ADA and RA compliance issues in relation to an individually experienced injury yet does

not explain how a single class-wide relief can possibly cater to a class of diverse individuals, some presumably without any injury. Accordingly, certification under Rule 23(b)(2) should be precluded, as the relief sought by Plaintiff "would be class-wide in name only[,]" therefore making it inappropriate relief for the putative class at whole.

## III.    PLAINTIFF'S CLAIM FAILS TO SATISFY THE RULE 23(b)(3) REQUIREMENTS.

### A.  Plaintiff Fails to Show that Class Questions Predominate Over Questions Individual to Members of the Class.

Under Rule 23(b)(3), class certification is permitted "only if the questions of law or fact common to class members 'predominate' over questions that are individual to members of the class." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814 (7th Cir. 2012). While similar to the requirements for typicality and commonality, the predominance requirement is "far more demanding." *Id.* (citation omitted). While "[i]ndividual questions need not be absent[,]" such "[can]not predominate over the common questions affecting the class as a whole." *Id.* An individual question is one for which members of a proposed class would have to present differing evidence to make a prima facie showing. *Id.* at 802, 815.

While he has asserted some of his own injuries, he has not purported to describe the experiences or injuries of the proposed class. Accordingly, for each member thereof, such individual questions will have to be analyzed and explored. The existence of these individual questions in relation to each class member as a result of the lack of evidence presented will necessitate an in-depth analysis of individual issues alongside that which he already asserts to have the potential to be a complex matter of class litigation. As a result, his individual questions and issues will need to be looked at in depth and will surely dominate as much, if not more than the class issues. The circumstances presented therefore allow for and even encourage the predomination of the individual issues over the class questions.

Plaintiff's argument is also devoid of support, consisting mostly of Plaintiff's mere assertions in conjunction with recitation of quoted language that the common issues predominate. *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014) ("Mere *assertion* by class counsel that common issues predominate is not enough. That would be too facile. Certification would be virtually automatic.").

Plaintiff relies on *Bennett v. Dart*, 18-cv-04268, 2020 WL 1812376, at *3 (N.D. Ill. Apr. 9, 2020) in arguing that the questions asserted upon which the instant putative class turns, "represent[] the critical aspect, if not the totality, of Plaintiff's case, thereby satisfying predominance." (Memo. 10.) Plaintiff's ADA and RA claims based in the questions asserted are certainly potentially "relevant to every detainee in the putative class[,]" (*Id* (citing *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022)).) but the same cannot be said to be the case for the individualized aspects of Plaintiff's claims – they did not receive the same injuries nor experience the same incident.

Plaintiff also asserts that this is a case where this Court can certify the class "to resolve an '*issue*, [but] not the whole case.'" (*Id.* (citing *Bennett*, 53 F.4th at 420 (emphasis in original)).) While he implies that the different issues were similar in *Bennett*, this is not accurate – the reason why the *Bennett* court was inspired by Fed. R. Civ. P. 23(c)(4) to maintain the matter as a class action with respect to the *issue* as opposed to the case at whole was because there were many complex differences between members of the proposed class. *Bennett*, 53 F.4th at 420. Plaintiff still seeks to certify a class, not an issue.

Even if this Court finds Plaintiff's assertions regarding predominance persuasive, it should still fail. The "starting point" in an analysis of predominance is "the substantive elements of

plaintiffs' cause of action and ... the proof necessary for the various elements." *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1008 (7th Cir. 2019) (quoting *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981)).

Liability for violation of the ADA is predicated upon the exclusion of a qualified individual from participation in or denial of benefits of services, programs or activities of a public entity. 42 U.S.C. § 12131. While, undoubtedly, a public entity must make reasonable modifications in policies, practices, or procedures, when necessary to avoid discrimination on the basis of a disability, 28 C.F.R. § 35.130(b)(7), the individualized nature of the ADA and RA inherently require a case-by-case analysis of claims. *See Messner,* 669 F.3d at 802, 815.

The individualized facts at issue dwarf any potential common issues existing. Plaintiff now asks the Court to certify his class because he knows the individualized inquiry will ultimately predominate. This is especially true considering the broadness of the proposed class, which amounts to essentially all wheelchair users. Plaintiff has failed to meet their burden to show a predominating question of fact or law to establish the class considering the proper inquiry into his allegation is an individual inquiry.

## B. Plaintiff Fails to Show that a Class Action is the Superior Method of Adjudication of this Case.

Plaintiff also fails to show that that a class action is the superior method of adjudication of this case. Under Rule 23(b)(3), if individual issues predominate, a class action is not the superior method for adjudication and certification should be denied. *Messner,* 669 F.3d at 802, 815. If, to make prima facie showing on a given question, the members of the proposed class present evidence that varies from member to member, then it is an individual question. *Id.* One additional factor to consider in assessing the superiority requirement is "the likely difficulties in managing a class action." *See* Fed. R. Civ. P. 23(b)(3).

Plaintiff dedicates a mere two-sentence paragraph at the end of his brief to the superiority requirement, using mostly language quoted from *Bennett v. Dart*, 2020 WL 1812376, at *3. It amounts to no more than the bare assertion of the requirement itself:

> As the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision.

(Memo. 11.) Plaintiff's unsupported argument for satisfaction of superiority is unavailing.

Another consideration to be taken into account is the rise in difficulty of managing the instant case should class status be certified. As discussed, the individual questions relating to Plaintiff's claims will require highly tailored and individualized inquiries. In contrast, the class issues would not involve any such requirements. Ultimately, the effect will be the same, as the lack of individualized inquiry required in the class issue results only in declaratory relief for the class, for which each member would thereafter have to individually seek relief in their own individualized claim. As the Seventh Circuit has stated, "[i]f the class certification only serves to give rise to hundreds or thousands of individual proceedings requiring individually tailored remedies, it is hard to see how common issues predominate or how a class action would be the superior means to adjudicate the claims." *Andrews*, 545 F.3d at 577.

In light of the specifics of the resultant judgment which would result from issue-based class certification, as well as such statements by the Seventh Circuit, Plaintiff's insistence on leaning into furtherance of judicial economy by avoidance of duplicative litigation as an argument for satisfaction of Rule 23(b)(2) is even more perplexing. The other members of the class in this case will have no relief and will be forced to undertake their own individual claims under any issued declaratory judgment. This is the definition of duplicative litigation and shows further the misbecoming of Plaintiff's arguments.

Accordingly, this case cannot be maintained as a class action because it is not the superior way of adjudicating these claims.

## IV.   PLAINTIFF FAILS TO DEFINE AN ASCERTAINABLE CLASS PURSUANT TO RULE 23.

Finally, Plaintiff also fails to satisfy the threshold requirement of Rule 23 that the proposed class be sufficiently ascertainable. *Jamie S.*, 668 F.3d at 495. To satisfy the ascertainability requirement, a plaintiff must show that class members are identifiable through clear, objective criteria so that it is administratively feasible to determine who is a member. *Id.* at 496. The requirements of Rule 23 are not satisfied when the proposed class definition is "too vague." *Steimel v. Wernert*, 823 F.3d 902, 917 (7th Cir. 2016). Proper defining of a class "alerts the court and parties to the burdens that such a process might entail[,]" and "ensures that those actually harmed by defendants' wrongful conduct will be the recipients of the relief eventually provided." *Simer*, 661 F.2d at 670. "A class is ascertainable when defined by objective criteria that are administratively feasible, without a subjective determination." *McBean v. City of N.Y.*, 228 F.R.D. 487, 492 (S.D. N.Y. 2005) (internal citations omitted).

Plaintiff argues that his class is ascertainable because it is limited to inmates assigned wheelchairs as identified through records in the CCOMS system. (Memo. 2-3.) This incorrectly assumes that every person in custody with a wheelchair used the RTU ramps on the same basis as Plaintiff.  It is also incorrect to assume that every person with a wheelchair alert was housed in the RTU – even Plaintiff was not always housed in the RTU. Plaintiff's class definitions assume that every person with a wheelchair would have used the ramps on the same basis as he, had the same type of wheelchair alert as he, and experienced the same difficulties, which would be untrue. Plaintiff has not explained how or why a person housed in Cermak or Division 10 would have used the RTU ramps on the same basis as him. Overall, simply having a wheelchair designation in

CCOMS is insufficient to lend to the conclusion that each detainee's ADA rights have been violated in the same way as Plaintiff. Plaintiff has not developed any facts to support such conclusions or assumptions.

As mentioned above, no discovery has been completed in this case, and discovery would be necessary to reflect the types of wheelchair alerts, places in which persons with wheelchair alerts might be housed, and even which persons with wheelchair alerts would ever have reason to use the RTU ramps, when not housed in the RTU. As phrased, Plaintiff's definition is so broad that it would include any inmate who may have only traversed the RTU ramp once while temporarily using a wheelchair to heal a minor injury, and also every inmate whose condition or disability precluded them from wheeling themselves and were always escorted by an officer. A list of all persons with any kind of wheelchair alerts, even when formally requested by Plaintiff for the prospective class, will not easily reveal these distinctions. Full development of the similarities between the claims of Plaintiff and those of the class will require fact discovery in order to review individual movement histories, medical histories, and individual complaints/grievances.

Accordingly, Plaintiff's proposed class is too subjective and fails to satisfy the ascertainability requirement.

## **CONCLUSION**

Plaintiff's Motion for Class Certification should be denied for failure to meet the requirements for a class under Rule 23(a), as numerosity, typicality, and commonality are not satisfied. Additionally, Plaintiff's claim fails to satisfy the requirements of Rule 23(b)(2) and Rule 23(b)(3). No identifiable issues of law or fact exist as Plaintiff has only enunciated an alleged issue that must be analyzed on a case-by-case basis, and class certification is neither the superior nor fair method of evaluation since no issue of fact predominates over individual questions, which

means an individualized analysis would more appropriate. For the aforementioned reasons, Plaintiff's Motion for Class Certification should be denied.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Plaintiff's Motion for Class Certification is denied;
2. and for any other such relief as this court deems reasonable and just.

Respectfully Submitted,

By: _/s/ Jason E. DeVore_
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that **Defendants' Response in Opposition to Plaintiff's Motion for Class Certification** was filed on July 17, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

_/s/ Zachary Stillman_
Zachary Stillman