**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Eugene Westmoreland, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | No. 23-cv-1851 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | Judge Tharp, Jr. |
| and Cook County, Illinois, | ) | |
| | ) | Magistrate Judge Gilbert |
| | ) | |
| *Defendants.* | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order entered July 7, 2023, Dkt. 19, the parties file the following Joint Status Report related to three subjects set forth below.

1. **Status of the Case.**

    **A. Confidentiality Order**

Plaintiff's Position

The Court granted an extension of time until July 20, 2023, to submit a confidentiality order.[1] Dkt. 24, Minute entry. On July 12, the parties conferred about a proposed order and the undersigned sent a follow-up e-mail on July 13 memorizing the discussion. Plaintiff's counsel raised concern that defendants may over designate information confidential subject to a protective order since all 335 pages of documents

---

[1] The parties conferred on May 5, 2023 regarding a proposed confidentiality order. Following this call, defense counsel agreed to edit the proposed confidentiality order and provide plaintiff a copy by the following week. Defendants, however, neglected to provide a draft in May, an issue discussed during the last status hearing with the Court.

defendants produced pursuant to the Rule 26(a)(1) disclosures were marked "Confidential- Produced Subject to Protective Order."

The parties conferred by telephone on July 19th and were unable to identify any documents that would be covered by the terms of the model confidentiality order. The defendants also mentioned that all documents previously marked "Confidential- Produced Subject to Protective Order" deserve no special protection under any proposed confidentiality order.

On July 20th at about 4:01 pm defense counsel changed position and said documents may be produced that should be marked Confidential. Plaintiff's counsel requests that defense counsel produce a red-line version of the Model Confidentiality Order by noon on July 21st and that the parties submit a joint motion for entry of a confidentiality order that lays out each side's position (including any disputes, if applicable) by the close of business on July 24.[2]

Defendants' Position

On May 1, 2023, Defendant's counsel advised plaintiff's counsel of Defendant's intention to file a motion for entry of confidentiality order soon, utilizing a proposed confidentiality order based on the Court's model order used throughout the model confidentiality order used in the Northern District, Eastern Division. Plaintiff's counsel did not agree to use the model order and the parties agreed to discuss the issue at a later date.

---

[2] On July 20th defense counsel sent a proposed confidentiality order at 6:55 pm. This proposed order, based on preliminary review by plaintiff's counsel, is not a red line version of the model order on the Northern District's website.

The parties conferred by telephone on July 19th and defendants advised that documents previously produced in relation to Rule 26 disclosures would not be marked as confidential. As discussed in open court on July 7, 2023 and otherwise, documents had been marked as confidential as part of the Bates numbering process. No party was prejudiced by the markings in any way. Changing the designation of these documents is not intended to waive any rights relative to confidentiality for other documents.

On July 20, 2023, Defendants first learned that there may be documents that could fall within the scope of a protective/confidentiality order and are in the process of locating and identifying those documents. Defendant's counsel immediately notified plaintiff's counsel by providing the information in a draft of this joint status report. This was done out of an abundance of caution to alert counsel and this Court that a confidentiality order may be necessary. This was not a change in position related to any documents that had been discussed by the parties, but was only related to new information learned on July 20, 2023.

Thereafter, Defendants again provided plaintiff's counsel with a draft model confidentiality order used in the Northern District, Eastern Division, to plaintiff's counsel. Defendants believe that the model confidentiality order can be used without redlining for this matter without issue.

### B. Discovery

<u>Defendants' Position</u>

No parties have been tardy with discovery responses, no discovery disputes are ripe and no motions to compel have been filed. Defendants are submitting responses to

-3-

requests to produce and answers to interrogatories on July 21, 2023. A privilege log related to documents subject to the attorney client privilege (and potentially other privileges) is forthcoming. During Defendants' review of documents, if responsive, non-privileged documents are discovered, Defendants will seasonably supplement its discovery responses.

### C. Inspection

<u>Defendants' Position</u>

Before agreeing on a date for an inspection related to the May 30, 2023 request for inspection, it is necessary to have an agreed upon inspection protocol. Defendants have provided plaintiffs with a protocol for the inspection. Plaintiff's consulting expert apparently advised on July 20, 2023 that he may need to bring additional equipment to the inspection. It is unclear if this would be acceptable.

Defendants have also provided numerous dates to plaintiffs, based upon availability of the CCDOC escort required for the inspection. Plaintiffs have provided some Monday and Friday dates and the parties are attempting to work out a date for an inspection during August, or early September depending on the availability of plaintiff's consulting expert. Plaintiff for the first time on July 20 provided a date of availability for plaintiff's consulting expert that was not on a Monday or Friday. Defendants have provided the following additional dates as available for the inspection: August 17, 22 and 28. Plaintiff has not yet advised if any of those dates are amenable to plaintiff.

Plaintiff's Position

For several months, plaintiff's counsel has requested cooperation with defense counsel to schedule an inspection of ramps. On July 12th, during this conferral process, plaintiff's counsel requested setting the inspection on either a Monday or Friday since this is the date plaintiff's architect is available.

Defendants have not been cooperative with coordinating a date. Defense counsel waited until July 20th at 4:01 pm to offer a date for the inspection and proposed Thursday, 8/3, for the inspection and limited the inspection to one hour.

Plaintiff's counsel requests that the parties coordinate a date within the next three weeks to schedule this inspection. Plaintiff's counsel proposes: 7/28, 7/31, 8/2, 8/4, 8/7, 8/11, or 8/14.

On a related note, on July 20th at 4:01 pm defendants provided the first draft of an inspection protocol. There are several issues that need to be addressed with this protocol, including the one-hour time limit requested by defendants for this entire inspection, the scope of the Division 4 ramp inspection, *see* Dkt. 17-1, Inspection Notice, and the equipment that plaintiff's architect may bring to the inspection. Plaintiff request a status with the Court to address the lingering issues regarding plaintiff's inspection notice from May.

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morriseylawchicago.com

/s/*Jason E. DeVore*
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com