IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eugene Westmoreland, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | No. 23-cv-1851 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | Judge Tharp, Jr. |
| and Cook County, Illinois, | ) | |
| | ) | Magistrate Judge Gilbert |
| | ) | |
| *Defendants.* | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order entered July 21, 2023, Dkt. 30, the parties file the following Updated Joint Status Report:

    1.    **Cook County Department of Corrections Inspection**

**Plaintiff's Position[1]**

On July 24 and July 25, the parties engaged in lengthy phone conferrals regarding this inspection and other outstanding discovery issues. The parties agreed to set August 14, 2023, at noon to inspect the two ramps in the lower level of the Residential Treatment Unit (RTU) and the ramp that plaintiff navigated in Division 4 on February 18, 2023.

Plaintiff's architect, Gary Kecklic, has requested permission to bring a camera, measuring tape, a notebook to record notes, a pen, and a Husky laser. Plaintiff's counsel, Tom and Pat Morrissey, will be permitted to bring paper and a pen to the inspection.

---

[1] This status report is due by noon on July 26. On July 25th, plaintiff's counsel sent a draft status report at 6:58 pm. Defense counsel waited until 11:53 am on July 26 to provide edits to this status report. Plaintiff's counsel did not have sufficient time to review defendants' edits prior to the deadline to submit this report.

#381701v1

The parties agree that a reasonable period of time will be permitted to allow Mr. Kecklic to inspect, measure, and photograph the ramps.

**Defendants' Position**

The Plaintiff is inspecting three ramps in the CCDOC, two in Division 08-RTU, and one smaller ramp in Division 4. The Defendant Sheriff anticipates that the total inspection time for these three locations will be about an hour, but agree that the inspection will not be cut short in the event that Plaintiff's inspection is not complete within exactly one hour.

The terms and protocol for the inspection have been set forth in a written agreement, attached. As of Friday July 21, 2023, Defendants believed that an agreement had been reached on every issue listed except for the date, as the dates provided by Defendant Sheriff and Defense counsel were not amendable to counsel for the Plaintiff. On or about Monday July 24, Plaintiff's counsel then advised 1 hour was not reasonable . Plaintiff has not provided any reasons why it believes that inspection and measurement of these three discrete locations at the CCDOC cannot be completed in approximately an hour. Defendant Sheriff agrees that Plaintiff must be allowed to have a reasonable amount of time to complete the inspection and measurement, will not interrupt the inspection unreasonably, and merely wishes to limit any interference with detainee movement in the facility.

2. **Architectural drawing of the RTU ramps/ Confidentiality Order**

**Plaintiff's Position**

Defendant Cook County agreed to promptly produce an architectural drawing of the RTU ramps designated for "attorney's eyes only." Based on production of this document, the parties will discuss whether there is a need to mark this document "confidential" pursuant to a confidentiality order. Plaintiff's counsel shared blue prints and measurements of the Cook County Department of Corrections' Cermak ramp that has been produced by Defendant Cook County in other litigation that is not subject to any confidentiality order.

The parties are continuing to work together to submit a proposed agreed confidentiality order by July 27, 2023. *See* Dkt. 32, Minute entry.

**Defendants' Position**

The Co-Defendant Cook County Sheriff's Office continues to submit that it does not maintain or consultant architects, did not itself produce architectural documents in other litigation, and does not have possession custody or control of such documents.

Co-Defendant Cook County agreed to consider producing the above architectural drawing "for attorneys eyes only" but want it marked "Confidential" (since it may reveal sensitive information about various locations in the jail) contemporaneously with the entry of any future confidentiality order entered by this Court.

3. **Defendants' Response to Production**

**Plaintiff's Position**

On July 21st, defendants Dart and Cook County responded to plaintiff's eight paragraph request for production. Although defendants formulated many objections, no documents were produced.

On July 25th, the parties held a lengthy phone conferral. Plaintiff's counsel proposed limiting certain requests and the parties agreed that by August 4 defendants will either produce certain documents or explain why defendant will not produce requested documents.

**Defendants' Position**

Defendants responded to discovery on Friday, July 21, 2023 and the parties should go through the normal Rule 37. Although no documents have been produced to date, Defendants have not flatly refused to produce documents in all categories. Many of the requested emails, for example, will be produced. Emails responsive to No. 6 were produced, Bates 000331 – 000359. Defendants contend that, at this time, there is s no real dispute for the court to hear or review. Defendants believe that efficient and fair use of the Rule 37.1 process requires more than three days, and hopes to be allowed sufficient time to respond in writing to the deficiencies Plaintiff purports to have identified.

4. **Interrogatories to Cook County**

**Plaintiff's Position**

-3-

On July 21st, Cook County responded to five interrogatories and formulated many objections. Defendant, however, did not provide any answers. One interrogatory merely requested defendant to answer, with specificity, what ramp is referenced in an e-mail by Timothy Tyrrell, a Cook County supervisor. The interrogatory, and defendant's objection, is below:

> 3. On March 8, 2021 at 2:53 PM, Timothy Tyrrell wrote the following e-mail:
>
>> Also, I checked the ramp from the same tunnel going to the basement of Division 8 – this appears to be slightly out of compliance. I can show you or Sabrina this as well. Looks to be like whomever did the concrete work is to blame for this. Might want to add this one in as well if county is having someone make these ADA Compliant. Let me know if you need anything further.
>
> Dkt-8-5 at 1-2. Identify, with reasonable specificity, the ramp referenced in this portion of Mr. Tyrrell's e-mail.
>
> **ANSWER: Objection, relevance. The referenced email has a subject line that references "Cermak" and is not related to the ramp or issues in this case. Therefore, this interrogatory is not reasonably calculated to produce discoverable information and is disproportionate to the needs of this case.**

During a discussion regarding this interrogatory (along with several other interrogatories), the parties agreed to allow defendant to either amend the response or provide a position, in writing, why the response is appropriate by August 4.

**Defendants' Position**

Defendants responded to discovery on July 21, 2023 and the parties should go through the normal Rule 37. There is no real dispute and the parties are continuing to look into responses further to address any disagreements.

5. **Interrogatories to the Sheriff**

<u>Plaintiff's Position</u>

The Sheriff responded to ten interrogatories on July 21st. Plaintiff's counsel raised concern about several responses. One interrogatory seeks to know how many wheelchair-users were assigned to the RTU on a specific date. This interrogatory and defendant's objection is below:

> 5. Identify the number of individuals housed in the RTU with a wheelchair alert on May 30, 2023.
>
> **ANSWER: OBJECTION.** This interrogatory is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case. Additionally, this interrogatory is not limited in scope to (1) those who traversed the tunnel to the RTU, or (2) those to whom something happened in the tunnel to the RTU. Investigation continues.

This information should be readily available to the Sheriff. In support of the motion for class certification, plaintiff filed a list of inmates assigned to RTU (also referred to as "DIV08") on May 7, 2021. *See* Dkt. 8-6, Mobility aid list.

During a discussion regarding this interrogatory (along with several other interrogatories), the parties agreed to allow defendant to either amend the response or provide a position, in writing, why the response is appropriate by August 4.

**<u>Defendants Position</u>**

Defendants responded to discovery on Friday, July 21, 2023 and the parties should go through the normal Rule 37. Defendant Sheriff contends that, at this time, there is no real dispute for the court to hear or review. Defendants believe that efficient and fair use of the Rule 37.1 process requires more than three days, and hopes to be allowed sufficient time to respond in writing to the deficiencies Plaintiff purports to have identified. .

6. **Plaintiff's Answers to Interrogatories and Requests to Admit.**

Plaintiff's answers to interrogatories and Request to Admit are due on July 26, 2023 and have not yet been received. Plaintiff expects to respond by July 26, 2023.

7. **Response to Production**

Plaintiff's responses to request to produce are due on July 26, 2023 and have not yet been received. Plaintiff expects to respond by July 26, 2023.

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

/s/*Jason E. DeVore*
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois

-6-

312-300-4479  
tradunsky@devoreradunsky.com  
jdevore@devoreradunsky.com