IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Eugene Westmoreland, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | 23-cv-1851 |
| -*vs*- ) | |
| ) | Magistrate Judge Gilbert |
| Thomas Dart, Sheriff of Cook ) | |
| County, and Cook County, Illinois, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |

**PLAINTIFF'S MOTION TO MODIFY ORDER, DKT. 34**

Plaintiff Eugene Westmoreland, by counsel, moves the Court to modify an order regarding inspection of ramps at Cook County Jail.

Grounds for this motion are as follows:

1. The Court entered an order on July 28, 2023, permitting plaintiff to inspect ramps at the Cook County Jail. Dkt. 34, Minute entry. The inspection is limited to 4 hours and is confirmed for the week of August 14, 2023.

2. Plaintiff's counsel and the Sheriff's Office are also litigating *Walker v. Dart*, 20-cv-261. This case alleges the Cermak ramp at Cook County Jail does not comply with the Americans with Disabilities Act structural standards.

3. The parties in *Walker* held an off-the-record status conference with Magistrate Judge Cummings on August 7, 2023. During this status conference, "[t]he Court and the parties discussed the possibility of plaintiff conducting his proposed inspection of the Cermak ramp on the same date during the week of August 14 when counsel are scheduled to be present for an inspection of three other ramps pursuant to an order issued in a sperate lawsuit." Exhibit 1, *Walker*

*v. Dart*, 20-cv-261, Dkt. 172, Minute entry. Magistrate Judge Cummings then directed defense counsel in *Walker* to "advise plaintiff's counsel no later than 5:00 p.m. on 8/7/23 whether there is any logical difficulty with plaintiff conducting the proposed inspection of the Cermak ramp on the date in question. *Id.*

4. The Sheriff's counsel in *Walker*, Mr. Samuel Branum of Johnson & Bell, Ltd. sent an e-mail on 8/7/2023 indicating the Sheriff will agree to permit an inspection of the Cermak ramp during the inspection in this case if plaintiff's counsel "seek[s] leave from Judge Gilbert to modify his order to fit in an additional inspection." Exhibit 2 at 2, S.Branum e-mail sent 8/7/2023. Mr. Branum explained the Sheriff's Office is concerned of being held in contempt of this Court if another ramp inspection is added to the inspection. *Id.*

5. The Cermak ramp close in proximity to the two Residential Treatment Unit (RTU) ramps that will be inspected in this case. Plaintiff's counsel agreed to complete the inspection of all four ramps (the three ramps at issue in *Westmoreland* and the one ramp at issue in *Walker*) within the 4 hour inspection window permitted by the Court. *See* Exhibit 2 at 1, P.Morrissey e-mail sent 8/7/2023 at 4:34 pm. Despite this representation, the Sheriff's counsel in *Walker* stated plaintiff must "seek <u>leave of court</u> from Judge Gilbert to have him carve out time from his order to include an inspection of the Cermak ramp on that day." Exhibit 1 at 1, S.Branum e-mail sent 8/7/2023 at 4:52 pm.

It is therefore respectfully requested that the Court modify the order entered on 7/28/2023, Dkt. 34, to provide that within the 4 hour inspection plaintiff's counsel is also permitted to inspect the Cermak ramp that is at issue in the *Walker v. Dart*, 20-cv-261, litigation.

        Respectfully submitted,

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643

*an attorney for plaintiff*