**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Eugene Westmoreland, | ) | |
| *Plaintiff,* | ) ) ) | |
| -*vs*- | ) ) | No. 23-cv-1851 |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) | Judge Tharp, Jr. Magistrate Judge Gilbert |
| *Defendants.* | ) ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order entered July 28, 2023, Dkt. 34, the parties file the following Joint Status Report:

**1. Status on written discovery**

<u>Plaintiff's Position</u>

Defendants supplemented written discovery by August 4, 2023, the deadline set by the Court. Dkt. 34, Minute entry. The defendants produced an architectural drawing of one ramp, the "east tunnel corridor" ramp. Defendants, however, did not produce an architectural diagram of the other RTU ramp. In other litigation, counsel for the Sheriff and County have produced a redacted diagram purporting to be the basement of the RTU where these ramps are located. Plaintiff requests that the defendants supplement production of this ramp within seven days.

Plaintiff timely responded to interrogatories served by the Sheriff and County, a request for production, and requests for admissions.

Defendants' Position

Defendants timely supplemented written discovery on August 4, 2023. On August 4th, the defendants produced an architectural drawing of a the "east tunnel corridor" ramp, pursuant to a confidentiality order. Defendants, did not produce an architectural diagram of the other RTU ramp because they do not have one in their possession. Defendants will seasonably supplement discovery if any additional documents become known. Defendants' counsel spoke with plaintiff's counsel to inquire if plaintiff intends to subpoena architectural drawings from a non-party that participated in building the RTU.

Plaintiff timely responded to interrogatories served by the Sheriff and County, a request for production, and requests for admissions.

**2. Inspection**

Plaintiff's Position

On August 14, 2023, the two ramps in the RTU were inspected along with a metal ramp in Division 4. The inspection is now complete.

Defendants' Position

On August 14, 2023, plaintiff and his expert inspected the two pedestrian tunnels connecting the Residential Treatment Unit (Division 08-RTU) to the adjacent buildings at the Cook County Department of Corrections (CCDOC). The inspection of all three ramps took just over one hour. Two RTU ramps took approximately 50 minutes and the inspection of the metal ramp in Division 4 took 18 minutes. The inspection is now complete.

**3. Depositions**

**Status of deposition requested by plaintiff**

Plaintiff's Position

On July 20, 2023, defendants produced Dr. Papiez for a deposition. He treated plaintiff following an alleged fall when traversing the Division 4 metal ramp on February 18, 2023, after voting.

Below is the status for the following depositions requested by plaintiff:

| Name | Date notice was served | Tentative date | Why plaintiff requests deposition | |
|---|---|---|---|---|
| TJ Tyrrell | 5/30/2023 | 9/28 | He wrote an e-mail on 3/8/2021 noting a ramp in Division 8 (also known as RTU) appeared to be "slightly out of compliance." Dkt. 8-5 at 1-2. | |
| Officer George Martin | 6/28/2023 | | He is the officer who escorted plaintiff up the Division 4 ramp on February 18, 2023 when he fell | |
| Raffi Sarrafian | 6/29/2023 | | This is a witness disclosed by defendants on 6/13/2023 as "likely to have discoverable information." | |

-3-

| | | | | |
|---|---|---|---|---|
| Adriaan Jelks-Brown | 6/29/2023 | | This is a witness disclosed by defendants on 6/13/2023 as "likely to have discoverable information." | |
| Eric Davis | 6/29/2023 | 9/21 | This is a witness disclosed by defendants on 6/13/2023 as "likely to have discoverable information." He is Deputy Director of Capital Planning & Policy and plaintiff's counsel believes he may have relevant information about the ramps at issue in this case, including efforts to hire an architect to review the ramps for ADA compliance | |
| Sabrina Rivero-Canchola | 6/29/2023 | | This is a witness disclosed by defendants on 6/13/2023 as "likely to have discoverable | |

| | | | |
|---|---|---|---|
| | | | information." She is the Sheriff's ADA Compliance Officer and she may have knowledge about the ramps at issue in this litigation. | |

Defendants' Position

On July 20, 2023, defendants produced Dr. Papiez for a deposition. He works for Cook County and treated plaintiff following an alleged fall when traversing the Division 4 metal ramp on February 18, 2023 after voting. The plaintiff seeks depositions of 6 defendant witnesses and defendants have noticed the deposition of plaintiff. Defendant's counsel offered to provide dates for 5 of the 6 defendant depositions, but plaintiff has refused to provide any dates for plaintiff's deposition prior to the additional 6 defendant depositions.

Defendants' counsel recently requested the deposition of the plaintiff to proceed on September 12, 2023. After making that request, Plaintiff's counsel raised several objections. The first, was that plaintiff is currently a defendant in a criminal case which is scheduled to proceed to trial in the next 30-45 days. Plaintiff's counsel was concerned about potential fifth amendment, self incrimination issues in the civil suit. The plaintiff's counsel indicated that unless plaintiffs criminal defense attorney consented to the September 12 date, the plaintiff could likely be produced for his deposition sometime in mid-October. Plaintiff is incarcerated while awaiting trial in relation to a criminal matter

involving alleged sexual abuse of a minor, which has no relation to this matter. Defendants would like to conclude these depositions within the next 45-60 days, on mutually convenient dates and times. Defendants have requested that plaintiff's deposition proceed on September 12, 2023 and have provided multiple dates for 5 of 6 additional witnesses.

Defendants' counsel advised they did not believe the plaintiff's criminal case would trigger any 5th amendment issues in his civil suit but since the plaintiff's counsel had strong concerns about plaintiff's criminal case impeding on the civil suit, defense counsel suggested the case be placed on the criminal stay calendar pending resolution of that case. Instead, the plaintiff's counsel refused and suggested Plaintiff was entitled to depose six of the defendant's witnesses before producing the Plaintiff for his deposition. Defense counsel thought that was prejudicial, unreasonable and not customary and offered to produce defense witnesses shortly after the plaintiff 's deposition in October. Again, the plaintiff's counsel refused and stated because Plaintiff served deposition notices in May, he was somehow entitled to depose defense witnesses first.

Plaintiff's counsel has also proposed that defense counsel be limited in their questioning of the plaintiff since he recently gave another deposition in another case involving another ramp at the jail. Defense counsel is not interested in reinventing the wheel, but defendants should not defense counsel should not be limited in their questioning of the plaintiff about any relevant matters involving the liability or damages, regardless of any testimony in another matter.

Defense counsel attempted to resolve the issue during the parties' August 17, 2023 telephone call, but plaintiff's counsel terminated the telephone call.

The following depositions remain outstanding:

| Name | Date notice was served | Defendant's Proposed date | Why Requested | |
|---|---|---|---|---|
| Plaintiff | 8/16/2023 | 9/12/2023 | Filed case. | |
| TJ Tyrrell | 5/30/2023 | 9/28 or 9/29 | He wrote an e-mail on 3/8/2021 noting a ramp in Division 8 (also known as RTU) appeared to be "slightly out of compliance." Dkt. 8-5 at 1-2. | |
| Officer George Marin | 6/28/2023 | | He was the officer present when the plaintiff was using the Division 4 ramp on February 18, 2023. | |
| Raffi Sarrafian | 6/29/2023 | | According to the plaintiff's Rule 26 (a) disclosure, this individual may have personal knowledge about efforts to procure an architect to review structural barriers at Cook County jail, including based on RFQ No 2215-0221" | |
| Adriaan Jelks-Brown | 6/29/2023 | | According to the plaintiff's Rule 26 | |

| | | | | |
|---|---|---|---|---|
| | | | (a) disclosure, this individual may have personal knowledge about efforts to procure an architect to review structural barriers at Cook County jail, including based on RFQ No 2215-0221" | |
| Eric Davis | 6/29/2023 | 9/21 or 9/26 | This is a witness disclosed by defendants on 6/13/2023 as "likely to have discoverable information." He is Deputy Director of Capital Planning & Policy and plaintiff's counsel believes he may have relevant information about the ramps at issue in this case, including efforts to hire an architect to review the ramps for ADA compliance | |
| Sabrina Rivero-Canchola | 6/29/2023 | 10/12 | This is a witness disclosed by defendants on 6/13/2023 as "likely to have discoverable information." | |

|  |  |  | She is the Sheriff's ADA Compliance Officer and she may have knowledge about the ramps at issue in this litigation. |  |
|---|---|---|---|---|

**Status of depositions requested by defendants**

Plaintiff's Position

On August 16th, defense counsel requested a date for plaintiff's deposition during the week of September 11th. Plaintiff's counsel immediately responded to defense counsel that Mr. Westmoreland has a criminal court appearance the week of August 21st and that plaintiff's counsel must confer with Mr. Westmoreland's criminal attorney to discuss whether there are any objections and/or concerns regarding Mr. Westmoreland sitting for a deposition. On information and belief, Mr. Westmoreland may be set for a jury trial in his criminal case within the next 45 days. Plaintiff's counsel requested one week to confer with Mr. Westmoreland's criminal attorney regarding the timing when Mr. Westmoreland will be produced for a deposition.

Defendants' Position

As discussed above, Defendants' counsel would like to proceed with plaintiff's deposition and then proceed with additional defendant representative depositions shortly thereafter. Defendants have already produced Dr. Papiez for a deposition and it would be fair and prudent to proceed with plaintiff's deposition next.

### 4. Rule 26(a)(2) disclosures

Plaintiff intends to make Rule 26(a)(2) disclosures. Plaintiff proposes April 1, 2024, as the deadline to serve the disclosures. Defendant intends to make Rule 26(a)(2) disclosures and agrees with an April 1, 2024 deadline to serve these disclosures. Defendant intends to make Rule 26(a)(2) disclosures and agrees with an April 1, 2024 deadline to serve these disclosures.

### 5. Settlement

<u>Plaintiff's Position</u>

All three ramps at issue in this litigation were inspected on August 14th. Based on the review by plaintiff's retained architectural consultant, none of the ramps comply with the ADA structural standards.

Plaintiff's counsel believes it would be a productive use of time to hold a settlement conference with the Court to address the request for injunctive relief by plaintiff and the putative class. *See Walker v. Dart*, 20-c-261, Dkt. 120 (agreed order entered with the assistance of Magistrate Judge Cummings directing Cook County to install handrails on the Cermak Ramp).

Defense counsel may be correct that settlement discussions regarding monetary compensation to putative class members is premature since they have not exchanged data regarding the size of the class and the putative class continues to grow until the request for prospective relief is addressed.

Defendants' Position

On August 17, 2023, the parties discussed for the first time if it was premature to discuss settlement. During an August 17 call, plaintiff's counsel was unable to articulate a potential settlement range, which suggests that settlement discussions are premature. If plaintiff is able to convey a settlement range and articulate the rationale for a demand, defendants' counsel would communicate plaintiff's demand to their clients to determine the viability of settlement discussions.

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

/s/ *Jason E. DeVore*
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com