**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EUGENE WESTMORELAND, Individually and for a class, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:23-cv-01851 |
| vs. | ) ) | Hon. Joseph Tharp Jr. |
| THOMAS DART, SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS, | ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT PURSAUANT TO FED. R. CIV. P. 12(e)

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a Body Politic and Corporate (Incorrectly named as Cook County, Illinois) (collectively, "Defendants"), by and through their attorneys, Jason E. DeVore, Troy S. Radunsky, and Zachary G. Stillman, of DeVore Radunsky LLC, pursuant to Rules 12(e) and 10(b) of the Federal Rules of Civil Procedure, and for their Motion for More Definite Statement, state as follows:

### INTRO/BACKGROUND

Plaintiff Eugene Westmoreland's Complaint at Law asserts two claims against two parties under the banner of a single count. The Complaint alleges that it arises under 42 U.S.C. § 12131-32 ("ADA"), and 29 U.S.C. § 794 ("Rehabilitation Act"), but conflates two entirely divisible claims – one for relief under the ADA and Rehabilitation Act and another related to a fall while ascending a ramp after voting. Plaintiff alleges that he has been "unable to navigate ... ramps on the same basis as non-disabled inmates because of the obvious physical barriers." (Compl., ECF No. 1 at ¶ 3.) Within the same count, Plaintiff then quickly shifts subjects and notes an entirely separate incident:

14. On February 18, 2023, the designated voting area at Cook County Jail was near the gym in Division 4. To reach this voting area from RTU detainees were required to traverse stairs. There was no accessible ramp for wheelchair-users, like plaintiff Westmoreland.

15. After voting on February 18 at about 12:30 p.m., plaintiff traversed a makeshift ramp set over stairs. This ramp was unstable and would not allow the safe passage of plaintiff's wheelchair. Plaintiff fell descending the ramp and suffered physical injuries. Plaintiff was transported to the Cermak emergency room later in the day because of these injuries and treated[.]

(*Id.* at ¶¶ 14-15.) Plaintiff's separate voting incident is not related to the claims he makes on behalf of the purported class, as reflected by the lack of reference to it in Plaintiff's Motion for Class Certification, which relates exclusively to issues navigating the Residential Treatment Unit (RTU) tunnel ramps. (Motion for Class Cert & Memo in Support; ECF Nos. 7, 8.)

## ARGUMENT

### I.      Plaintiff's Complaint at Law Fails to Present its Multiple Claims in Separate Counts as Required by Fed. R. Civ. P. 10(b).

Plaintiff's complaint has no clearly identifiable causes of action and consists of a cobbled mess of legal assertions with scant facts. There are limits to notice pleading. Accordingly, Plaintiff must be required to replead his complaint to separate his distinct individual claims into separate counts, as required by the Rules of Federal Civil Procedure.

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998) (a party may proceed under a 12(e) motion for more definite statement when unstated facts are not known to plaintiff). A motion for a more definite statement should be granted "where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." Fed. R. Civ. P. 12(e) advisory committee note. Such motions must "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Courts grant motions

for a more definite statement when the defendants can only guess as to what conduct an allegation refers. *See, e.g., Stanek v. Bd. of Educ. Of St. Charles Cmty. Unit Sch. Dist. #303*, Case No. 13-cv-3016, 2013 U.S. Dist. LEXIS 123770, *3 (N.D. Ill. Aug. 27, 2013) (granting motion for a more definite statement where the causes of action were impossible to decipher in *pro se* complaint and the complaint was largely in narrative form with only some paragraphs numbered); *Hewitt v. Metro. Water Reclamation Dist. of Greater Chi.*, Case No. 01 C 9218, 2002 WL 31176252 (N.D. Ill. Sept. 30, 2002) (requiring, *sua sponte*, *pro se* plaintiff to provide a more definite statement about the underpinnings of some of her claims); *In Re: Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Products Liab. Litig.*, 2013 U.S. Dist. LEXIS 14509, *5 (S.D. Ill. Feb 4, 2013) (granting motion for a more definite statement where the complaint was ambiguous as to which, if any, of the listed causes of action are being asserted with regard to which defendant and where the complaint was ambiguous with regard to the relationship between the allegations, the causes of action, and the remedies being sought); *Roels v. Troka*, Case No. 01 C 2401, 2002 WL 475188 (N.D. Ill. Mar. 25, 2002) (ordering *pro se* plaintiff to provide a more definite statement to certain claims alleged and specify which defendant each claim relates to); *Kyle v. Morton High Sch.*, 144 F.3d 448, 457 (7th Cir. 1998) (noting that defendant could have filed a Rule 12(e) motion when the plaintiff failed to specifically identify the speech or political association he claimed led to retaliation).

Rule 10 provides that under the rules governing the form of pleadings, where such "promote[s] clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). This Court has previously granted motions brought pursuant to 12(e) for more definite statement pursuant to the failure to differentiate one's claims

into counts under 10(b). *See Mishra v. Tandon*, No. 12 C 50390, 2013 WL 887681, at *1-2 (N.D. Ill. Mar. 8, 2013). Indeed, the *Mishra* Court specifically noted:

> Rule 10(b) is designed to improve the intelligibility of the pleadings. Since a failure to observe or comply with the Rule 10(b) requirement may result in a pleading so obscure that response is difficult, motions to state and number counts separately under Rule 10(b) and for a more definite statement under Rule 12(e) may be used alternatively in some situations, and courts may properly treat the two motions interchangeably.

*Id.* (internal citations omitted).

Here, Plaintiff has failed to conform to federal pleading requirements necessitating that he pleads distinct, individual counts for each of his two claims. The purported ADA claim alleges that plaintiff had difficulties navigating RTU ramps and that these difficulties exist as a result of "[o]ne ramp not hav[ing] a handrail to assist ... wheelchair-user[s], [and] [t]he other ramp [being] long and [without] a landing area to rest[,]" as both allegedly required by the ADA. (Cmpl. at ¶ 2.)

Separately, Plaintiff alleges a claim for injuries received after being taken to vote. This claim involves an entirely separate ramp than the RTU ramp referenced in Plaintiff's first claim. The post-voting incident occurred in Division 4 (Compl. at ¶ 14.), whereas the other ramps are located in the tunnels exiting the RTU, located in Division 8. (*Id.* at ¶ 3.)

This Court need look no further than Plaintiff's Memorandum in Support of its Motion for Class Certification to see Plaintiff's true aims. Plaintiff wishes to turn his one-count complaint into a class action matter, but his claim involves two separate and distinct sets of allegations that do not align and arise out of totally separate occurrences. Notably, the assertions in Plaintiff's class motion relate only to the claim alleging discrimination and issues using the ramps leading to the RTU, and NOT the incident alleged in the same claim wherein Plaintiff was wheeled in his wheelchair by another detainee through Division 4 to vote and was injured by his hazardous

conduct in doing so. Plaintiff's class motion was entirely silent on this separate and individual injury.

Plaintiff's continued *masquerade* of multiple claims as a single count complaint will greatly prejudice Defendants. Notice pleading is meant to put a Defendant on general notice of the *claims* brought against them. When, as here, a Plaintiff attempts to disguise or secretly insert an (unrelated) claim by surreptitiously inserting it alongside allegations of another claim, he has failed to provide sufficient allegations to afford Defendants proper notice of his claims. Further, there is no *reason* to assert a claim in this manner– especially when the claims relate to different ramps in different parts of the jail for entirely different reasons, with little differentiating detail. It appears that Plaintiff has intentionally interwoven two claims to confuse the issues. Regardless of intent, the outcome is the same and plaintiff should be required to conform to the applicable pleading rules.

The prejudicial implications of Plaintiff's complaint as pled also extend to discovery. Plaintiff made a tactical choice in filing his Motion for Class Certification prior to the issuance of any written discovery. Thus, a full round of discovery almost certainly awaits the parties after conclusion of the briefing of Plaintiff's Motion for Class Certification and subsequent ruling from the Court. When Plaintiff's counsel begins seeking general info regarding facilities and asserted at issue ramps regarding his ADA claims, and simultaneously seeks specific info as to the individual incident in which Plaintiff is alleged to have been injured by the conduct of another detainee while returning from voting, the vagueness of the pleading and the duplicity of the claims will be extremely prejudicial to Defendants' efforts. Specifically, questions of relevance come to mind as far as the resultant arising of implicit issues. The vagueness with which Plaintiff presents his two claims unitedly will almost certainly lead to extra burdens in discovery because of the conflicts

sure to arise about what the suit is about and what is really at issue. Defendants will face increased burdens in production as a result of likely broad fishing expeditions on a claim not even explicitly named in the complaint, in light of what has been described. This will impact the Court as well, as such disputes over the broad reaches of Plaintiff's likely planned discovery will inevitably make result in further appearances before the Court.

Yet, even still, Plaintiff's poorly pled complaint will have one more prejudicial impact in the matter at hand. As stated above, Plaintiff's Motion for Class Certification was filed prior to issuance of any written discovery. In fact, Plaintiff's Motion was also filed prior to the deadline for Defendants' responsive pleadings. Therefore, Defendants have not yet filed any response, including (other) Rule 12 motions, or an Answer, in response to Plaintiff's claims. Such a response as it stands would be incomplete and difficult to draft in light of the vagueness of Plaintiff's presented claims as shown.

Should Plaintiff's Motion for Class Certification be granted, Plaintiff should not have the benefit of conflating his individual damage claims with any class action issues arising in light of his single presented count. These issues do not result from the same occurrences and therefore should be appropriately split into separate counts. Plaintiff must be required to replead so as to present a more definite statement with clearly delineated counts.

## CONCLUSION

For all the foregoing reasons, it is appropriate for this Court to grant Defendants' Motion for more Definite Statement.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Defendants' Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), 10(b) is granted;

2.      Plaintiff is required to replead his Complaint at Law with Separate Counts for Each of his Claims;

3.      and for any other such relief as this court deems reasonable and just.

Respectfully Submitted,

By:      */s/ Jason E. DeVore*
         Jason E. DeVore, One of the
         Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), 10(b)** was filed on August 18, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*