IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS WALKER,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DART, SHERIFF, et. al,<br><br>Defendants. | Case No. 20-cv-00261<br><br>Judge Mary M. Rowland |

## ORDER

    Plaintiff Cornelius Walker, an inmate at Cook County Jail whose disability requires him to use a wheelchair, alleges that Defendants Sheriff Thomas Dart and Cook County have not repaired a non-compliant ramp at the jail, in violation of Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 ("ADA") and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a) ("RHA"). This Court previously granted Plaintiff's motion to certify to a Rule 23(b)(2) class but denied it as to a Rule 23(b)(3) class. (Dkt. 62). Plaintiff now renews his motion to certify a class action under Federal Rule of Civil Procedure 23(b)(3). (Dkt. 128). For the reasons explained below, the Court grants Plaintiff's motion.

## BACKGROUND

    The Court assumes familiarity with, and incorporates by reference, its Memorandum Opinion and Order granting in part and denying in part Plaintiff's first motion for class certification. (Dkt. 62).

    Plaintiff's central argument is that the Court should reconsider its prior ruling denying a Rule 23(b)(3) class because of the Seventh Circuit's decision in *Bennett v. Dart*, 53 F.4th 419 (7th Cir. 2022) (*"Bennett II"*). In *Bennett*, the plaintiff alleges that Division 10 of the Cook County Jail does not comply with the ADA and RHA because it lacks the grab bars and other fixtures that disabled inmates need to use showers and toilets safety. *Bennett v. Dart*, 953 F.3d 467 (7th Cir. 2020) (*"Bennett I"*). Plaintiff sought to certify a class based on the Uniform Federal Accessibility Standards, which require accessible toilets to have grab bars nearby and accessible showers to have mounted seats. *Id.* at 468–69. The district court declined to certify the class because it would "run[] afoul of the rule against one-way intervention." *Id.* at 469 (alteration in original). The Seventh Circuit reversed, observing that "[Plaintiff] . . . proposes a

class that will win if the Standards apply (and were violated, to detainees' detriment) and otherwise will lose. That's how class actions should proceed." *Id.*

On remand, the district court certified a Rule 23(b)(3) class of "[a]ll inmates housed in Division 10 at the Cook County Department of Corrections from June 27, 2016 to the date of entry of judgment, who were prescribed either a walker, crutch, or cane by the medical staff and were denied an accommodation for toileting and showering." *Bennett v. Dart*, No. 18-CV-04268, 2020 WL 1812376, at *1 (N.D. Ill. Apr. 9, 2020). The district court found that plaintiff satisfied the predominance requirement because the case turned on "a single legal question: whether the ADA and Rehab Act's Structural Standards apply to Division 10." *Id.* at *3. Similarly, the district court found the superiority requirement satisfied, as it turned on a "single legal question [and] proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision." *Id.*

About two and a half years later, the district court decertified the class, primarily because some class members may not qualify as disabled under the ADA or RHA even though they use an assistive device. *Bennett v. Dart*, No. 18-CV-04268, 2022 WL 4386588, at *3 (N.D. Ill. Sept. 22, 2022), *rev'd*, 53 F.4th 419 (7th Cir. 2022). The district court found that the common question of whether the Standards apply did not predominate over individual questions of whether class members have qualifying disabilities. *Id.* at *5.

In November 2022, in *Bennett II*, the Seventh Circuit again reversed. In doing so, the Court relied on Rule 23(c)(4), which provides: "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." *Bennett II*, 53 F.4th at 420. The Seventh Circuit noted that a declaratory judgment on whether the Standards were violated would resolve the issue (not the whole case), and class members would have to proceed in individual suits to seek damages. *Id.*

This Court's prior ruling did not have the benefit of *Bennett II* and its reliance on Rule 23(c)(4). As stated previously, this Court certified a class under Rule 23(b)(2) but found Plaintiff had failed to meet his "far more demanding" burden under Rule 23(b)(3) to establish that legal or factual questions regarding each class member's case are "sufficiently cohesive to warrant adjudication by representation." (Dkt. 62 at 13-14).

## ANALYSIS

**A. Rule 23**

A court may certify a Rule 23(b)(3) class where "questions of law and fact common to members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and

efficiently resolving the dispute in question." Fed. R. Civ. P. 23(b)(3). Predominance requires that the "legal or factual questions that qualify each class member's case as a genuine controversy" are "sufficiently cohesive to warrant adjudication by representation." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814 (7th Cir. 2012) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). As for the superiority requirement, Rule 23(b)(3) also allows class certification only where "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4).

### B. The Court Grants Plaintiff's Renewed Motion

Plaintiff asserts that the Seventh Circuit's decision in *Bennett II* and the fact that additional lawsuits for damages are pending involving the Cermak ramp demonstrate that certification under Rule 23(b)(3) or alternatively in conjunction with Rule 23(c)(4) is warranted. The Court agrees.

This Court previously concluded that Rule 23(a)'s requirements are met. (Dkt. 62 at 5–12). Thus, the Court need only address the Rule 23(b)(3) requirements.

Plaintiff seeks to represent a class under Rule 23(b)(3) of "all Cook County Jail detainees who have been assigned a wheelchair and used a wheelchair to traverse the Cermak ramp from May 5, 2018 to the date of entry of judgment." (Dkt. 62 at 2).

While this Court agrees with Defendants that the Seventh Circuit opinion in *Bennett II* did not "manifest any additional facts" warranting reconsideration (Dkt. 137 at 2), the Court finds that *Bennett II* casts new light on the legal landscape warranting this Court taking another look at Plaintiff's request for a Rule 23(b)(3) class. Defendants assert that Plaintiff "merely poses a legal question, namely, whether Defendants violated the Structural Standards." (Dkt. 137 at 2). But as the Seventh Circuit recognized in *Bennett II*, a certification under Rule 23(b)(3) in conjunction with Rule 23(c)(4) of this legal question is appropriate in order to "resolve the *issue*, not the whole case." *Bennett II*, 53 F.4th at 420 (emphasis in original).

Defendants are also correct that the class members may have different damages (Dkt. 137 at 2), but again *Bennett II* instructs that those can be resolved by individual damage determinations. *Id.*; *see also Butler v. Sears, Roebuck & Co.*, 727 F.3d 800 (7th Cir. 2013) ("[A] class action limited to determining liability on a class-wide basis, with separate hearings to determine—if liability is established—the damages of individual class members, or homogeneous groups of class members, is permitted by Rule 23(c)(4) and will often be the sensible way to proceed."); *Otero v. Dart*, 306 F.R.D. 197, 207 (N.D. Ill. 2014) ("Even if damages vary among class members, the Court may

hold separate liability and damages trials or appoint a magistrate judge to preside over individual damages proceedings.").

Finally, Defendants argue that Plaintiff failed to indicate that class members suffered a detriment. (Dkt. 137 at 2). That is not accurate. Plaintiff alleged that "structural barriers prevent plaintiff and similarly situated wheelchair users from using the ramp similar to non-disabled inmates[,]" resulting in Plaintiff suffering physical injuries. (Dkt. 34 at ¶ 14 and Dkt. 138 at 4). In addition, Plaintiff highlights four other pending lawsuits where inmates allege physical damages when moving up and down the Cermak ramp that were brought after the Court's certification order (Dkt. 128 at 3-4).[1] While the specific injuries may vary, the issue of the Structural Standards may "be determined class-wide . . . leaving to the future any particular inmate's claim to relief." *Bennett II*, 53 F.4th at 420. Thus, upon reconsideration, the Court finds that Plaintiff has satisfied the predominance requirement.

For similar reasons, the Court finds that Plaintiff satisfies the superiority requirement. Here, like *Bennett II*, "the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision." *Bennett v. Dart*, No. 18-CV-04268, 2020 WL 1812376, at *3 (N.D. Ill. Apr. 9, 2020).

---

[1] The cases Plaintiff cites are: *Craig v. Dart et al.*, Case No. 1:21-cv-04835, ECF Nos. 45, 48 (N.D. Ill. Sept. 20, 2022), *Williams v. Dart et al.*, Case No. 1:22-cv-03919, ECF No. 30 (N.D. Ill. Oct. 19, 2022), *Lacy v. Dart et al.*, Case No. 1:22-cv-05861, ECF No. 22 (N.D. Ill. Jan. 31, 2023), *Kellum v. Dart et al.*, Case No. 1:22-cv-05184, ECF No. 45 (N.D. Ill. May 8, 2023), and Defendant fails to address any of these cases.

4

Exhibit 1 Page 4

**CONCLUSION**

    For the reasons explained above, the Court grants Plaintiff's renewed motion to certify Rule 23(b)(3) class [128]. The Court certifies the following class: "all Cook County Jail detainees who have been assigned a wheelchair and used a wheelchair to traverse the Cermak ramp from May 5, 2018 to the date of entry of judgment." Pursuant to Rule 23(c)(4) the Court certifies that issue: whether the Cermak ramp complied with the Structural Standards required by the ADA and RHA between May 5, 2018 and the date of entry of judgment. The Court certifies a Class representative Cornelius Walker and class counsel Thomas Gerard Morrissey and Patrick William Morrissey remain the same. The joint status report due on 6/30/23 is extended to July 17, 2023.

E N T E R:

Dated: June 22, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge