IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eugene Westmoreland, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-1851 |
| | ) | |
| v. | ) | |
| | ) | |
| Cook County Sheriff Thomas Dart, et al. | ) | Judge Tharp, Jr. |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' SUR REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, by and through their attorneys, Special Assistant State's Attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and submit the following Sur Reply in Opposition to Plaintiff's Motion for Class Certification:

Plaintiff was granted additional time for his Reply in support of his Motion for Class Certification to incorporate critical information gleaned from discovery, including an inspection of certain areas of CCDOC. Yet, instead of incorporating new evidence, Plaintiff's reply is bereft of new information regarding the inspection. Plaintiff instead recasts arguments based upon unfounded allegations in the complaint.

Plaintiff's expert inspected and took measurements of the two ramps in the CCDOC at issue on August 14, 2023. Oddly, Plaintiff has referred to none of the ramps' measurements that were the subject of his motion for extension of time. (*See* ECF No. 49(1)-(7).) Similarly, Plaintiff has made no reference to a confidential schematic of one of the ramps, which was produced by Defendants. Although a "schematic diagram ... does not ... carr[y] the day as a matter of law" its

1

omission is striking, given Plaintiff's focus on obtaining it. *Spence v. Dart*, No. 18 C 4258, 2020 WL 4677053, at *4 (N.D. Ill. Aug. 12, 2020).

Plaintiff primarily relies on baseless assertions, along with a single email his counsel obtained in another case to help reach into the County's coffers. Ignoring evidence, Plaintiff instead offers his unverified complaint as evidence that ramps are non-compliant. (Reply at 2.)

Despite the impropriety of doing so, Plaintiff also again suggests that the fact that a class has been certified in *Walker v. Dart*, 20-cv-0261 (N.D. Illinois), dictates a similar finding in *this* case, at *this* juncture. Plaintiff's reliance on *Walker* is misplaced and misleading. Although Plaintiff's attorneys also moved early (before responsive pleadings, dispositive motions or discovery) for class certification in *Walker*, seeking classes under Rules 23(b)(2) and 23(b)(3), initially, class certification was not initially granted under both subsections. On March 3, 2021, around 10 months after the *Walker* motion for class certification was filed, that court granted a (b)(2) class but denied a (b)(3) class. *Walker*, Dkt. 62 ("Walker's motion to certify 39 is granted as to a Rule 23(b)(2) class and denied as to a Rule 23(b)(3) class."). Plaintiff's counsel in *Walker* filed a renewed motion to certify a Rule 23(b)(3) class over a year and a half later, and it was this renewed motion that was ultimately granted in June 2023. *Walker*, Dkt. 128 and 159. It would be inaccurate to suggest that another court certified a class a *Walker* based only on existence of similar litigation or classes.

Plaintiff stirs similar confusing in repeated references to the class action in *Bennett v. Dart*, 53 F.4th 419 (7th Cir. 2022). But the Seventh Circuit opinion cited is *not* one that affirms class certification under Rule 23(b)(2) and (b)(3). In fact, it relates Rule 23(c)(4), which is the subsection pursuant to which class certification was granted in *Bennett* on November 17, 2022. *Bennett v. Dart*, No. 18-cv-04268, Dkt. 175 (N.D. Ill. Nov. 17, 2022). Plaintiff Westmoreland has not moved

for issue-based class certification under Rule 23(c)(4). "Plaintiff requests that the Court order that this case proceed as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure." (Pltf's Reply at 12.)

Plaintiff's Reply brief does not bring forth arguments or materials related to the August 14, 2023, inspection of the Division-08 RTU ramps, and Plaintiff's reliance on *Walker* and *Bennett* is misplaced and misleading, as neither supports or dictates class certification under Rules 23(b)(2) and (3) at such an early stage of litigation without facts to support all elements. Plaintiff's lack of evidence supports denial of his request for class certification.

## ARGUMENT

Despite proceeding with an inspection and obtaining additional discovery, Plaintiff remains unable to cite a single concrete fact to support of his contention that the ramps at Division 08-RTU of the CCDOC violated ADA standards. Thus, Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b). Specifically, Plaintiff fails to meet his burden of establishing commonality, typicality, and numerosity (under Rule 23(a)), appropriate-ness and finality (under 23(b)(2)), as well as predominance and superiority (under Rule 23(b)(3)). Plaintiff's proposed class is also insufficiently ascertainable and relies on a subjective class definition that requires individual determinations. Here, "a rigorous analysis, that the prerequisites for class certification have been met[,]" reflects that Plaintiff cannot meet its burden of proving the required elements for class certification. *Lacy v. Cook Cnty.*, 897 F.3d 847, 863 (7th Cir. 2018).

I. **PLAINTIFF FAILS TO SATISFY RULE 23(a)**

   A. **Commonality and Typicality Are Not Satisfied**

Plaintiff combines his arguments regarding commonality and typicality but satisfies neither element. (Pltf's Reply at 5-6.) He makes no real effort to align *Walker* while arguing that a non-compliant grievance satisfies typicality and commonality.

Plaintiff's contends that "for nearly identical reasons explained in *Walker*, 'the common questions of law or fact are capable of class-wide resolution[,]'" but offers to no detail regarding how the cases purportedly align. (Pltf's Reply at 6 (citing *Walker*, 2021 WL 908765, at *5).) In truth, in *Walker* that court initially found commonality and typicality under for the proposed Rule 23(b)(2) class, but not based on any individual experience or detainee grievance. Plaintiff's recounting of his own detainee grievance is not sufficient to establish that there are one or more common questions of law or fact that are capable of class-wide resolution and are central to the claims' validity, or that they arise from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory.

It is unclear how Plaintiff's argument regarding a non-compliant grievance conceivably relate to commonality. Plaintiff suggests (without any real explanation) that a non-compliant grievance reflects that the issue of ADA compliance with two ramps is capable of class wide resolution. Plaintiff cannot show the existence of a class through his own experiences alone but must instead show that there are claims which are truly common to the class (*i.e.*, other detainees have the same precise issues). *Phillips*, 828 F.3d at 555 (commonality requirement is "not simply a pleading standard").

Analysis of commonality may look directly at the merits of success in a claim, and Plaintiff's assertion is woefully insufficient to show commonality. *See Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) and *Phillips*, 828 F.3d at 550. Here, Plaintiff has asserted

4

no substantial evidence reflecting that the RTU ramps are *at issue* or *an issue* for any other detainees.

Further, Plaintiff's typicality arguments are like his commonality arguments and lack supporting facts. The dearth of support for Plaintiff's arguments show that he cannot establish that his claims have "the same essential characteristics as the claims of the class at large." *Lacy*, 897 F.3d at 866. Plaintiff fails to identify any other detainees who would have similar claims capable of class wide resolution, showing his failure to prove typicality and commonality.

Plaintiff omits any details to demonstrate that his claims are "typical." He not taken depositions of any other detainees or even included any facts or statements that could establish that any other disabled detainees had issues with the two ramps subject to Plaintiff's motion to certify. Plaintiff has not provided more than the scantest allegations describing his own difficulties. Plaintiff's filings do not contain even baseline evidence showing that his use of the RTU ramps, as a detainee housed in the RTU, was the same type of experience as those housed in other areas of the CCDOC (*i.e.* Cermak, Division 10, Division 6, Division 2). Plaintiff's quest for a class must end, unless and until Plaintiff develops facts to establish that every single person assigned a wheelchair alert would have used the RTU ramps in the same way as Plaintiff to establish commonality and typicality.

Here, Plaintiff has forfeited his arguments regarding commonality and typicality by failing to address Defendants' arguments. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). Plaintiff cannot satisfy commonality or typicality.

**B. Plaintiff Cannot Affirmatively Show Numerosity.**

Plaintiff cannot affirmatively show the numerosity requirement. Plaintiff's reliance on a few numbers regarding RTU wheelchair detainee alerts is insufficient, especially in light of the 500-person class in *Walker* that was based on real estimates, not speculation.

Class estimates may not be based on speculation. *Murray v. ETrade Fin. Corp.*, 240 F.R.D. 392 (N.D. Ill. 2006). Here, Plaintiff has nothing more than speculation. Plaintiff merely assumes that there could be a class of up to 500, yet Plaintiff acknowledges that Sheriff Dart referenced *merely 25 wheelchair-users* housed in the RTU on May 30, 2022. (Pltf's Reply at 4; *see also* Pltf's Ex. 3, ECF No. 49-3.) Plaintiff provides not explanation regarding how 25 wheelchair users in the RTU could expand to a potential class of 300-500 putative members, as in *Walker*.

Plaintiff's class definition contains no requirement that the class members were housed in the RTU, but instead relies on having wheelchairs and using the ramps at some point. Plaintiff's issued discovery did not even seek to investigate the contours of the proposed class. Plaintiff needs to do more than rely on allegations in his own complaint to align this matter to *Walker* as well as *Lacy*. *Lacy v. Cook County*, 897 F.3d 847, 869 (7th Cir. 2018).

Here, unlike *Lacy,* the areas in question do not lead to the courthouse for every single detainee. Furthermore, unlike *Lacy*, the class size is speculative and unreliable.

Reliance on *Walker* or *Lacy* is improper for several reasons. First, figures differ in the context of movement up and down the RTU ramps, as opposed to the numbers based on wheelchair movement to and from court in *Lacy*. Second, one cannot presume that documents produced in *Lacy* (a 2014 case) *reflect* the current demographics of CCDOC. Here, Plaintiff has developed no evidence, and the relevant time frame is from 2019 forward. Plaintiff's failure to satisfy the numerosity requirement is clear. *See Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 550 (7th Cir. 2016).

II. **PLAINTIFF'S CLAIM FAILS TO SATISFY THE RULE 23(b)(2) REQUIREMENTS.**

Plaintiff attempts to satisfy the Rule 23(b)(2) factors by relying on facts in *Walker*. Yet, Plaintiff must first use evidence to show the existence of a class or the validity of the asserted claims. Plaintiff's lack of evidence is a death knell to his efforts.

The class in *Walker* was unlike the proposed class here. Additionally, *Walker* involved evidence including data regarding class size. Any similarity with the relief requested *Walker* has no bearing on this case. *Actual* facts must align, and Plaintiff cannot align them.

Plaintiff has forfeited his right to respond to Defendants' other arguments regarding 23(b)(2) requirements by failing to respond. *See Puffer*, 675 F.3d at 718 It is appropriate to find that that Plaintiff cannot satisfy appropriateness or finality.

III. **PLAINTIFF'S CLAIM FAILS TO SATISFY THE RULE 23(b)(3) PREDOMINATION REQUIREMENT.**

Plaintiff's bare allegations do not support a finding that predominance exist. Plaintiff has presented no facts from the CCDOC inspection or written discovery responses to show that class claims predominate over individual ones.

Plaintiff wishes to ignore evidentiary deficiencies and rely on assertions in his complaint to align this matter with *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020) and *Walker*. Mere assertions are not enough to salvage Plaintiff's request for a class. *Messner v. Northshore Univ. HealthSystem,* 669 F.3d 802, 814 (7th Cir. 2012); *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014).

Plaintiff neglects to point out that the court in *Walker* initially denied certification of a Rule 23(b)(3) class, where Plaintiff relied only on *Bennett*, and not facts or evidence, to show that common facts predominated. *Walker v. Dart,* No. 20-CV-00261, 2021 WL 809765, at *6 (N.D. Ill. Mar. 3, 2021*)* ("As Defendants argue, Walker does not cite any evidence to support his

contention that common questions predominate over individualizes ones. Instead, Walker relies solely on *Bennett v. Dart*, 2020 WL 1812376 (N.D. Ill. Apr. 9, 2020) . . . Given the differences between *Bennett* and this case, Walker's sole reliance on *Bennett* does not permit the court to weigh the common issues against the individualized issues in this case.). In fact, the court in *Walker* rejected Plaintiff's arguments on both predominance and superiority, as neither, at that stage of the litigation, was based on more than bare allegations. ("In light of the well-settled law that Rule 23 is more than 'a mere pleading, the Court cannot conclude based solely on Walker's unsupported assertions that both the predominance and superiority elements are met in order to allow a Rule 23(b)(3) class to proceed." *Walker*, 2021 WL 809765, at *7.

And in *Bennett*, as previously noted, that court has certified an *issue* under Rule 23(c)(4). *See Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022) (A class certified under Rule 23(c)(4) resolves the issue, not the whole case. Class members would receive the benefit of a declaratory judgment (if the class prevails) on the issue but would need to proceed in individual suits to seek damages.). Plaintiff Westmoreland has neither requested not conceded that only an issues-based class might be appropriate at this time. Plaintiff has alleged some of his own injuries but has made no effort to align the experiences or injuries of any purported class member. Individual questions must be analyzed and explored, but there is inadequate evidence to connect the dots and support a class. *Bennett* at 420.

Even assuming, *arguendo*, that Plaintiff had reached the factual starting line, the court still needs to explore "the substantive elements of plaintiffs' cause of action and ... the proof necessary for the various elements." *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1008 (7th Cir. 2019) (quoting *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981)). Plaintiff *cannot* factually support an ADA violation or the substantive elements of class certification. Thus, predomination fails.

### IV. PLAINTIFF'S PROPOSED CLASS IS NOT ASCERTAINABLE.

Plaintiff's Reply insists that Defendants only argue that Plaintiff's failure to propose an ascertainable class is based on an assumption "that every person in custody with a wheelchair used the RTU ramps on the same basis as Plaintiff" and that Plaintiff is unable to identify all wheelchair users that used the RTU ramps, but Plaintiff ignores the bulk of Defendants' argument in their Reply. Plaintiff has not explained the applicability of his proposed overly expansive class definition in relation to how use of the RTU ramps by other detainees can be on the same basis as Plaintiff in light of the multitude of wheelchair alerts and locations in which those with mobility needs are taken around the CCDOC.

Plaintiff correctly notes that ascertainability was not challenged in *Walker v. Dart*, 20-cv-261, 2021 WL 809765 (N.D. Ill. 2021), but that does not mean it could not have been challenged, nor does it mean ascetainability is unassailable here, in a very different case. In *Walker*, "the class [was] comprised of wheelchair-users who have moved up and down a ramp leading [to] the Cermak Infirmary at the Cook County Jail." (Reply at 3.) That definition was more limited, limited only to those inmates who actually utilized the ramp. No wheelchair user whose use of the ramps in question is not fully and completely known and ascertainable should fall under the proposed class definition in the instant matter. Plaintiff should not be granted class certification merely because the ascertainability of the class was not challenged in a case where the proposed class definition was a fraction of the size of that proposed herein.

Plaintiff has obtained substantial discovery, yet there remains a startling absence of evidence for Plaintiff's claims. Plaintiff cannot show the types of wheelchair alerts, places in which persons with wheelchair alerts might be housed, or even which persons with wheelchair alerts would ever have reason to use the RTU ramps, when not housed in the RTU. It is perplexing that

9

Plaintiff suggests that he is entitled to this expansive class definition when he cannot even align the claims of those individuals in a sensible way. Plaintiff needs actual evidence show ascertainability of the proposed class, instead of mere allegations in his Complaint with references to cases handled by his attorneys.

Plaintiff's definition is so broad that it would include any inmate who may have only traversed the RTU ramp once while temporarily using a wheelchair to heal a minor injury, and every inmate whose condition or disability was so profound as to precluded them from wheeling themselves and were thus always pushed by an officer. A list of all persons or the number of persons CCDOC wide with any kind of wheelchair alerts – which was not even formally requested in discovery – would not even easily reveal these distinctions. Developing similarities among the claims of Plaintiff requires a more narrowly tailored class definition than the one Plaintiff has proposed. The current proposed class is far too subjective and vague and fails to satisfy the ascertainability requirement.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Plaintiff's Motion for Class Certification is denied; and
2. for any other such relief as this court deems reasonable and just.

Respectfully Submitted,

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that **Defendants' Sur Reply in Opposition to Plaintiff's Motion for Class Certification** was filed on September 22, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*
Zachary Stillman