IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eugene Westmoreland, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | 23-cv-1851 |
| -*vs*- | ) | |
| | ) | Magistrate Judge Gilbert |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION REGARDING SUFFICIENCY OF ANSWERS PURSUANT TO RULE 36(a)(6)**

Plaintiff Eugene Westmoreland, by counsel, moves the Court pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure to determine the sufficiency of defendant Cook County's answers to requests for admission.

Grounds for this motion are as follows:

1. Plaintiff Eugene Westmoreland, a wheelchair-user, alleges ramps in the Cook County Jail's Residential Treatment Unit (RTU) do not comply with the structural standards required by the Americans with Disabilities Act (ADA).

2. Plaintiff seeks to represent a class under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. *See* Dkt. 7, Motion for Class Certification.

3. When an intermediate landing is required on a ramp, the ADA structural standards require that the landing is "60 inches long minimum." Exhibit 1, Cook County's Answers to Plaintiff's Requests for Admission ¶ 8.

4. There is no dispute that one ramp leading from the RTU is called the "east tunnel" and has an intermediate landing. *Id.* ¶¶ 1-2, 6-7. The parties

-2-

also agree the architectural drawings for the "east tunnel" show the intermediate landing is 60 inches long. *Id.* ¶ 9.

5. When the parties inspected the RTU ramps on August 14, 2023, plaintiff's retained architect, Gary Keclik, measured the "east tunnel" and found the total rise of the ramp was approximately 48 inches and that the intermediate landing was "approximately 38 inches in length." Exhibit 2 at 2. This observation was shared with defense counsel on November 3, 2023 and a picture of the "east tunnel" is below:



6. The measurement is consistent with an e-mail sent by TJ Tyrrell, the General Manager of Cook County's Department of Facilities Management, on March 8, 2021 that the RTU ramp is "slightly out of compliance" and it "[l]ooks

like whomever did the concrete work is to blame for this." Exhibit 3, Tyrrell e-mail sent 3/8/2021.

7. In November of 2023, plaintiff served requests to admit regarding the "east tunnel." At issue in this motion are Cook County's response to two requests to admit below:

> 4. The "east tunnel" is at least 53 feet long. *See* CCSAO Westmoreland 002224.
>
> **ANSWER: This defendant lacks knowledge to either admit or deny this request following a reasonable inquiry and review of Westmoreland 002224.**
>
> ** ** **
>
> 11. The intermediate landing on the "east tunnel" is less than 45 inches long.
>
> **ANSWER: This defendant lacks knowledge to either admit or deny the request following a reasonable inquiry. See also Eric Davis dep p. 27, 41-45, 59 & 79.**

Exhibit 1, Cook County Answers to Plaintiff's Requests for Admission.

8. Plaintiff requests that the Court find that each answer fails to comply with Rule 36(a)(4) of the Federal Rules of Civil Procedure.

I. **Request 4, seeking an admission the "east tunnel" is at least 53 feet long, requires an answer**

9. The length of the "east tunnel" is a simple fact that requires Cook County to either admit or deny the proposed admission.

10. In *Walker v. Dart*, 20-cv-261, Cook County refused to admit or deny a similar request to admit regarding the length of the Cermak ramp at Cook County Jail. *See* Exhibit 4, Cook County Response to Request to Admit ¶ 18. During a hearing on the sufficiency of defendant's objections, the District Court

directed defendant to answer the requests to admit with "a yes or no" response because this type of request to admit is "a proper use of the discovery rules," the request was straightforward, and the District Court believed "the County has all the facts in their possession." Exhibit 5, Transcript from 11/30/2021 Motion Hearing in *Walker v. Dart*, 20-cv-261, at 8:4-9:22.

      11.    Under Rule 34(a)(4) a party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

      12.    The length of the "east tunnel" is a basic fact within the possession of Cook County for many of the same reasons explained by the court in *Walker.* Cook County, therefore, should admit or deny request to admit 4 that the length of the "east tunnel" is at least 53 feet long.

## II. Request 11, seeking an admission the intermediate landing on the "east tunnel" is less than 45 inches long

      13.    Defendant Cook County cites Eric Davis's deposition for proposition it cannot admit or deny, after a reasonable inquiry, the landing is less than 45 inches.

      14.    Eric Davis, a licensed architect and the Deputy Director of Capital Planning and Policy for Cook County, was produced for a deposition on September 21, 2023, and toured this location days before his deposition. *See* Exhibit 6, Davis Dep 26:14-19.

      15.    Although Cook County employs many people who may assist with answering this request to admit, Mr. Davis has the skills, knowledge, and training

to assist Cook County respond to this admission whether the "east tunnel" landing is less than 45 inches long. Indeed, Mr. Davis explained a method he would use to measure a ramp during his deposition. Exhibit 6, Davis Dep 40:22-41:12.

16. Whether the "east tunnel" landing is less than 45 inches long is a straightforward factual matter that requires Cook County to either admit or deny.[1] Moreover, this factual issue is critical for resolution of this case. If the parties agree the intermediate landing is not 60 inches long, it may be necessary for Cook County to remedy the ramp. In *Walker*, for example, it took years for Cook County to hire Globetrotters Engineering Corporation to assess the Cermak ramp. After years of litigation, Globetrotters prepared an assessment finding the Cermak ramp violated the ADA because the rise exceeded 30 inches and the County could either add an intermediate landing *or* reduce "the slope to less than 1:20 by extending the length of the walkway" to bring the ramp into compliance. *See* Exhibit 7, Corridor Ramp Accessibility Assessment at 3.

### III. Conclusion

It is therefore respectfully requested that the Court grant plaintiff's motion pursuant to Rule 36(a)(6) and order defendant Cook County to serve revised answers requests for admission paragraph 4 and 11.

---

[1] It would not take long for Cook County to measure the "east tunnel" landing. *See* Dkt. 43, Joint Status at 2 (defense counsel stating three ramps were inspected by plaintiff's expert in "just over one hour").

Respectfully submitted,

/s/ <u>Patrick W. Morrissey</u>
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*an attorney for the plaintiff*

**LOCAL RULE 37.2 CERTIFICATION**

The undersigned attorney for plaintiff certifies the following statement in accordance with Local Rule 37.2:

1. Following receipt of defendant's answers, plaintiff's counsel requested a telephone conferral with defense counsel regarding the answers.

2. On December 14, 2023, defense counsel, Mr. Troy Radunsky sent an e-mail stating "[w]e stand on those answers and responded appropriately under the rules" and requested plaintiff to explain, in writing, why some of the answers were deficient. Exhibit 8 at 6, T.Radunsky e-mail sent 12/14/2023 at 6:10 pm.

3. On December 15, 2023, attorney Patrick Morrissey sent an e-mail explaining why plaintiff's counsel believed the responses were inadequate. *Id.* at 3, P.Morrissey e-mail sent 12/15/2023 at 3:58 pm.

4. Mr. Radunsky responded to this e-mail on December 15, 2023 at 4:08 pm agreeing to hold a telephone conferral but explained "if you ask this question next summer, we will have a more definite answer, but for now we don't" and "our position is what it is." *Id.* at 2, T.Radunsky e-mail sent 12/15/2023 at 4:08 pm.

5. Defense counsel then had a phone conferral on December 18, 2023, with Tom Morrissey at about 2:00 pm. During the conferral, defendants explained that their response to requests to admissions were appropriate and that the answers will not change.

-8-

6. Despite good faith efforts to resolve this dispute, the parties have been unable to reach an accord.

/s/ <u>Thomas G. Morrissey</u>