IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS WALKER ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No. 20-cv-00261 |
| -vs- ) | |
| THOMAS DART, SHERIFF OF COOK ) | Judge Mary M. Rowland |
| COUNTY, and COOK COUNTY, ) | Magistrate Hon. Jeffrey Cummings |
| ILLINOIS, ) | |
| *Defendants.* ) | |

**DEFENDANT, COOK COUNTY, ILLINOIS' ANSWER
TO PLAINTIFF'S FIRST REQUEST TO ADMIT**

NOW COMES the Defendant, COOK COUNTY, ILLINOIS, by and through its attorneys, JOHNSON & BELL, LTD., and for its Answer to Plaintiff's First Request to Admit, states as follows:

1. You are requested to admit the authenticity of the documents produced as Walker CCSAO 000241 to Walker CCSAO 000249. These documents are attached as Exhibit 1.

**ANSWER:** Admit.

2. The Cermak Health Facility ("Cermak") is owned by Cook County. Exhibit 1, Page 5; Walker CCSAO 000245.

**ANSWER:** Admit.

3. Cermak is located at 2800 S. California, Chicago, Illinois. Exhibit 1, Page 5; Walker CCSAO 000245.

**ANSWER:** Admit.

4. Cermak is a 3-story tall with penthouse 161,590SF building and was originally constructed in 1998. Exhibit 1, Page 5; Walker CCSAO 000245.

**ANSWER:** Objection. The subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this

Exhibit 3 Page1

Exhibit 4 Page 1

**litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree."** *Robinson,* **2009 U.S. Dist. LEXIS 93971 at \*5.**

> **Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35.** *Cf. Northwestern Memorial Hospital v. Ashcroft,* **362 F.3d 923, 931 (7th Cir.2004). The former are not.**

*Sommerfield v. City of Chicago,* **251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.**

    5.   Construction of Cermak commenced after July 26, 1992.

**ANSWER:**  Objection. **The subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree."** *Robinson,* **2009 U.S. Dist. LEXIS 93971 at \*5.**

> **Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35.** *Cf. Northwestern Memorial Hospital v. Ashcroft,* **362 F.3d 923, 931 (7th Cir.2004). The former are not.**

*Sommerfield v. City of Chicago,* **251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit**

or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

6. There is a pedestrian/material access tunnel in the basement level of Cermak. Exhibit 1, Page 5; Walker CCSAO 000245.

**ANSWER:** Admit.

7. In March 2018, Andrew Achterhof, an employee of the Sheriff, was present during a walkthrough of Cermak and the Cermak Ramp.

**ANSWER:** Defendant Cook County objects on the basis that the subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35. *Cf. Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004). The former are not.

*Sommerfield v. City of Chicago*, 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Notwithstanding and without waiving said objections, Defendant Cook County admits that Andrew S. Achterhof was employed as a Director with Defendant Cook County. Defendant Cook County is at this time unable to admit or deny the remainder of this request because Mr. Achterhof is no longer an employee of the Cook County Sheriff's Office. Further discovery may reveal facts concerning the referenced "walkthrough," but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

8. In March of 2018, Ellen Stoner and Scott Utter from AltusWorks Inc. were present with Andrew Achterhof during a walkthrough of Cermak and the Cermak Ramp.

**ANSWER:** Defendant Cook County objects on the basis that the subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35. *Cf. Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004). The former are not.

*Sommerfield v. City of Chicago*, 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Notwithstanding and without waiving said objections, Defendant Cook County admits that Andrew S. Achterhof was employed as a Director with Defendant Cook County. Defendant Cook County is at this time unable to admit or deny the remainder of this request because Mr. Achterhof is no longer an employee of the Cook County Sheriff's Office. Further discovery may reveal facts concerning the referenced "walkthrough," but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

9. One of the reasons for Ellen Stoner, Scott Utter and Andrew Achterhof's walkthrough in March of 2018 of Cermak and the Cermak Ramp was to evaluate whether there is a need to correct non-accessible accommodations and functionality throughout Cermak

**ANSWER:** Objection, Request No. 9 does not appear to be directed to Defendant Cook County. Defendant Cook County further objects on the basis that the subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other

> procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35. *Cf. Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004). The former are not.

*Sommerfield v. City of Chicago,* 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

10. Following the March 2018 walkthrough of Cermak and the Cermak Ramp, AltusWorks Inc. provided a report to SVT Heery and/or CBRE.

**ANSWER:** Objection, Request No. 10 does not appear to be directed to Defendant Cook County. Defendant Cook County further objects on the basis that the subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35. *Cf. Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004). The former are not.

*Sommerfield v. City of Chicago,* 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

11. Following the March 2018 walkthrough of Cermak and the Cermak Ramp, the Office of the Sheriff of Cook County received a copy of AltusWorks Inc.'s report.

**ANSWER:** Objection, Request No. 11 does not appear to be directed to Defendant Cook County. Defendant Cook County further objects on the basis that the subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> **Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35.** *Cf. Northwestern Memorial Hospital v. Ashcroft***, 362 F.3d 923, 931 (7th Cir.2004). The former are not.**

*Sommerfield v. City of Chicago,* 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

12. Following the March 2018 walkthrough of Cermak and the Cermak Ramp, Cook County's Department of Capital Planning and Policy received a copy of AltusWorks Inc's report.

**ANSWER:** Objection, Request No. 12 does not appear to be directed to Defendant Cook County. Defendant Cook County further objects on the basis that the subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> **Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35.** *Cf. Northwestern Memorial Hospital v. Ashcroft***, 362 F.3d 923, 931 (7th Cir.2004). The former are not.**

Case: 1:20-cv-00261 Document #: 79-3 Filed: 10/28/21 Page 7 of 14 PageID #:1246

*Sommerfield v. City of Chicago,* **251 F.R.D. 353, 357 (N.D. Ill. 2008).** **This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.**

    13.    A portion of Ellen Stoner's report is below:



**ANSWER:** **Objection, Request No. 13 does not appear to be directed to Defendant Cook County. Defendant Cook County further objects on the basis that the subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's**

7

Exhibit 3 Page 7

Exhibit 4 Page 7

present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> **Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35.** *Cf. Northwestern Memorial Hospital v. Ashcroft*, **362 F.3d 923, 931 (7th Cir.2004). The former are not.**

*Sommerfield v. City of Chicago,* **251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.**

14. Ellen Stoner reviewed the Cermak Ramp to determine whether it complied with the 2010 ADA Standards for Accessible Design.

**ANSWER:** **Objection, Request No. 14 does not appear to be directed to Defendant Cook County. Defendant Cook County further objects on the basis that the subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree."** *Robinson,* **2009 U.S. Dist. LEXIS 93971 at *5.**

> **Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35.** *Cf. Northwestern Memorial Hospital v. Ashcroft*, **362 F.3d 923, 931 (7th Cir.2004). The former are not.**

*Sommerfield v. City of Chicago,* **251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit**

or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

15. Based on an assessment, Ellen Stoner determined the Cermak Ramp did not comply with the 2010 ADA Standards for Accessible Design.

**ANSWER:** Objection, Request No. 15 does not appear to be directed to Defendant Cook County. Defendant Cook County further objects on the basis that the subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35. *Cf. Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004). The former are not.

*Sommerfield v. City of Chicago,* 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

16. In March 2018 the length of the Cermak Ramp was more than 43 feet.

**ANSWER:** Objection. The subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree. *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce

> documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35. *Cf. Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004). The former are not.

*Sommerfield v. City of Chicago*, 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

    17.    In March 2018, the Cermak Ramp did not have handrails.

**ANSWER:** Objection. The subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35. *Cf. Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004). The former are not.

*Sommerfield v. City of Chicago*, 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

    18.    As of September 14, 2021, the length of the Cermak Ramp is more than 43 feet.

**ANSWER:** Objection. The subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved

at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> **Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35.** *Cf. Northwestern Memorial Hospital v. Ashcroft,* **362 F.3d 923, 931 (7th Cir.2004). The former are not.**

*Sommerfield v. City of Chicago*, 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

19. The 1991 ADA Standards for Accessible Design are attached as Exhibit 8.

**ANSWER:** Objection, Request No. 19 calls for a legal conclusion "Requests to admit are proper when they are used to establish facts or the application of law to facts but not to establish legal conclusions." *U.S. S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012); *See also Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) ("Requests to admit may not be used to establish legal conclusions."). It is the duty of the court, not the parties, to determine the applicable law and legal standards. This subject of this request is not appropriate matter for a request to admit.

20. The 1991 ADA Standards for Accessible Design set guidelines for accessibility to places of public accommodations and commercial facilities by individuals with disabilities. See Exhibit 8, Page 4.

**ANSWER:** Objection, Request No. 20 calls for a legal conclusion "Requests to admit are proper when they are used to establish facts or the application of law to facts but not to establish legal conclusions." *U.S. S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012); *See also Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) ("Requests to admit may not be used to establish legal conclusions."). It is the duty of the court, not the parties, to determine the applicable law and legal standards. This subject of this request is not appropriate matter for a request to admit.

21. Section 4.8 of the 1991 ADA Standards for Accessible Design has guidelines for ramps. See Exhibit 8, Pages 30-33.

**ANSWER:** Objection, Request No. 21 calls for a legal conclusion "Requests to admit are proper when they are used to establish facts or the application of law to facts but not to establish legal conclusions." *U.S. S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012); *See also Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) ("Requests to admit may not be used to establish legal conclusions."). It is the duty of the court, not the parties, to determine the applicable law and legal standards. This subject of this request is not appropriate matter for a request to admit.

22. The Cermak Ramp does not comply with the 1991 ADA Standards for Accessible Design, in part, because it does not have a landing 30 feet from the top of the ramp.

**ANSWER:** Objection, Request No. 22 calls for a legal conclusion "Requests to admit are proper when they are used to establish facts or the application of law to facts but not to establish legal conclusions." *U.S. S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012); *See also Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) ("Requests to admit may not be used to establish legal conclusions."). It is the duty of the court, not the parties, to determine the applicable law and legal standards. This subject of this request is not appropriate matter for a request to admit. Notwithstanding and without waiving said objections, deny.

23. The Cermak Ramp exceeds the code requirement for a run as defined in the 1991 ADA Standards for Accessible Design.

**ANSWER:** Objection, Request No. 23 calls for a legal conclusion "Requests to admit are proper when they are used to establish facts or the application of law to facts but not to establish legal conclusions." *U.S. S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012); *See also Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) ("Requests to admit may not be used to establish legal conclusions."). It is the duty of the court, not the parties, to determine the applicable law and legal standards. This subject of this request is not appropriate matter for a request to admit.

24. Section 4.8.5 of the 1991 ADA Standards for Accessible Design states "If a ramp run has a rise greater than 6 in (150 mm) or a horizontal projection greater than 72 in (1830 mm), then It shall have handrails on both sides."

**ANSWER:** Objection, Request No. 24 calls for a legal conclusion "Requests to admit are proper when they are used to establish facts or the application of law to facts but not to establish legal conclusions." *U.S. S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012); *See also Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) ("Requests to admit may not be used to establish legal conclusions."). It is the duty of the court, not the parties, to determine the applicable law and legal standards. This subject of this request is not appropriate matter for a request to admit.

25. The Cermak Ramp has not been altered since Ellen Stoner's walkthrough in March 2018.

**ANSWER:** Objection. The subject of this request to admit is not a purported fact or allegation presented by any witness in this matter or based on any evidence produced in this litigation, and as such it does not fall within the range of facts that might be the proper subject of a request to admit under Rule 36. Rather, Plaintiff's present Request to Admit is an attempt to avoid discovery concerning the fact at issue in this request. Rule 36 is not a discovery device; rather, it is intended to allow "parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Robinson,* 2009 U.S. Dist. LEXIS 93971 at *5.

> **Thus, it would seem then that requests to admit are a discovery procedure or mechanism, but with very different and more limited purposes than other procedures such as depositions, interrogatories, and requests to produce documents. The latter are part of the "fishing expedition" that is inherently a proper part of pretrial discovery under Rules 30, 31, 33-35. Cf. *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004). The former are not.**

*Sommerfield v. City of Chicago*, 251 F.R.D. 353, 357 (N.D. Ill. 2008). This request is better suited to an interrogatory or may be information discovered by way of a deposition as it calls for facts not yet in evidence. Further discovery may reveal such facts concerning this Cook County property, but at this point in litigation, Defendant Cook County is unable to admit or deny a Request to Admit that references factual details not currently presented or tested in the litigation.

KIMBERLY M. FOXX
State's Attorney of Cook County

*/s/ Jack E. Bentley*
Special Assistant State's Attorney

Brian P. Gainer (gainerb@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Jack E. Bentley (bentleyj@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Tel: (312) 372-0770
Fax: (312) 372-9818

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I caused to be served the foregoing document on the attorneys listed below by email on October 22, 2021.

Patrick W. Morrissey (pwm@morrisseylawchicago.com)
Thomas Gerald Morrissey (tgm@morrisseylawchicago.com)
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Suite Rear
Chicago, IL 60643
Tel: (773) 233-7901
*Attorneys for Plaintiff, Cornelius Walker*

        */s/ Jack E. Bentley*
        One of the Attorneys for Defendants,
        THOMAS DART, SHERIFF OF COOK COUNTY,
        and COOK COUNTY, ILLINOIS

        Brian P. Gainer (gainerb@jbltd.com)
        Monica Burkoth (burkothm@jbltd.com)
        Jack E. Bentley (bentleyj@jbltd.com)
        Lisa M. McElroy (mcelroyl@jbltd.com)
        Samuel D. Branum (branums@jbltd.com)
        JOHNSON & BELL, LTD.
        33 West Monroe Street, Suite 2700
        Chicago, IL 60603
        Tel: (312) 372-0770
        Fax: (312) 372-9818