

3A Willow Bay Drive
South Barrington, Illinois 60010

www.keclikassociates.com
O: 224.848-4425 Cell: 847.275-3293

March 20, 2024

Law Offices of Thomas G. Morrissey
10257 South Western Avenue
Chicago, Illinois 60643

Subject: ADA Access
George Leighton Courthouse
2650 South California Avenue
Chicago, Illinois 60608

The following document addresses ADA standards and compliance to those standards, of three ramps reviewed at the Cook County Jail facility at the George Leighton Courthouse located at 2650 South California Avenue, Chicago, Illinois.

I visited this site and took measurements and photos with Patrick Morrissey and Thomas Morissey, on August 14, 2023. Personnel from the Cook County Court System and Sheriff's Department accompanied us on this visit.

The ramps reviewed were identified as follows in the agreement for inspection of same, that was performed on August 14, 2023:
1. Two pedestrian tunnel ramps connecting the Residential Treatment Unit (Division 8-RTU) to adjacent buildings at the Cook County Department of Corrections (CCDOC). These two ramps will be referred to as RTU Ramp #1, and RTU Ramp #2.
2. A metal ramp in Division 4 of the CCDOC, where plaintiff Eugene Westmoreland was being transported back to the Residential Treatment Unit after voting on February 18, 2023. This ramp will be referred to as RTU Metal Ramp #3.

The date of the construction of these ramps was unknown at the time of this site visit.

Note that this document will refer to the physical characteristics of the ramps, and not their intended use, maintenance, or type of users or escorting policies for inmates, by law enforcement, through the building.

**OBSERVATIONS AND OPINONS**

**OBSERVATION 1**

1. Ramp#1, from Division 5 to RTU-RCDC has a total rise of approximately 24 inches. This was determined by using a laser level, to determine the rise over a very long run of approximately 80 feet. It does not have a handrail on either side of the ramp. The slope ranges from 2.1 to 2.8% which equates to ratios of 1:48 to 1:36. It is a continuous ramp with no intermediate landings.

Exhibit 2 Page 1



3A Willow Bay Drive
South Barrington, Illinois 60010

www.keclikassociates.com
O: 224.848-4425 Cell: 847.275-3293

**OPINION 1**

The question of ramps requiring handrails is referred to in conflicting criteria in the ADA.

One Portion of the ADA states:
**405.8 Handrails.** Ramp runs with a rise greater than 6 inches (150 mm) shall have handrails.

A different portion of the ADA states:
**Advisory 505.1 General.** Handrails are required on ramp runs with a rise greater than 6 inches (150 mm) (see 405.8) and on certain stairways (see 504). Handrails are not required on walking surfaces with running slopes less than 1:20.

Conceding that Ramp #1 has a slope of less than 1:20, and does not require a handrail by interpretation of the ADA Standard, It is strongly suggested that a handrail be applied to one side of the ramp for the following reason:

The issue is control of a wheelchair. Without an intermediate landing, the user gains speed. The landing allows a wheelchair or even other walking-disabled users, to rest. Roll a marble down a slope - it gains speed as it goes. The wheelchair bound user may not be strong enough to resist the inertia.

**OBSERVATION 2**

2. Ramp #2 measured a total rise of approximately 48 inches. The horizontal run is split into two ramp runs with an intermediary horizontal area that could be considered a landing. The rise of each sloped run of the ramp was approximately 24-inches. The landing was approximately equidistant from each end of the two sloped runs. The landing is short of the minimum required landing length of 60-inches. It is approximately 38 inches in length. This "landing" has a minimal slope of 1.1% or a ratio of 1:91.

This ramp does have handrails on both sides of the Ramp, mounted on each vertical wall defining the ramp width. The handrails are mounted at the correct height of 34-inches above the finished floor with de minimis variation. However, Section 505 of the 2010 ADAAG and the 2009 ANSI Standard A117.1, states that not only should the ramp handrails be continuous for the full length of the ramp, but they must extend horizontally a minimum of 12 inches beyond the top and bottom terminus of the ramp.

**OPINION 2**

The ramp is not fully in compliance with 2010 ADA standards. It requires a landing of a minimum length of 60 inches. The present minimal slope area that represents an attempt to create a landing, is approximately 38-inches in length, and consequently approximately 22 inches short of the length required.

Exhibit 2 Page 2



3A Willow Bay Drive
South Barrington, Illinois 60010

www.keclikassociates.com
O:  224.848-4425 Cell:  847.275-3293

**ADA Section: 405 Ramps**
  a. **405.1 General.** Ramps on accessible routes shall comply with 405.
  b. **405.6 Rise.** The rise for any ramp run shall be 30 inches maximum.
  c. **405.7.3 Length.** The landing clear length shall be 60 inches long minimum.

The existing handrails do not appear to extend a minimum of 12 inches beyond the ends of the ramp in all locations. The lack of a minimum 12-inch extension past ramp ends, means the handrails are not in compliance with 2010 ADA Standards.

**ADA Section: 505 Handrails**
**505.10 Handrail Extensions.** Handrail gripping surfaces shall extend beyond and in the same direction of stair flights and ramp runs in accordance with 505.10.
**505.10.1 Top and Bottom Extension at Ramps.** Ramp handrails shall extend horizontally above the landing for 12 inches (305 mm) minimum beyond the top and bottom of ramp runs. Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent ramp run.

**OBSERVATION 3**

3. Ramp #3 is a temporary metal ramp used to move personnel from one level to another at the location of a fixed stair. It is identified with a manufacturing sticker as being a ramp manufactured or supplied by "*B&P Manufacturing*" in Cadillac, Michigan. The ramp is identified on that manufacturer's web site as a "walk ramp."

The portable ramp was 15 feet, 2-iches and spanned from the top landing of an existing permanent 6-step stair, to a point approximately 10 feet beyond the last riser at the bottom of that stair. Raised edges on the ramp were 1 -1/2-inches above the ramp surface and 1-inch in width. The clear width of the ramp between raised edges was 38-inches.

Ramp slope for the major portion of the ramp was approximately 13.7 degrees or 1:7, with top and bottom transition portions of the ramp ranging from 24.7 degrees (1:4) to 31.6 degrees (1:3). The ramp was not permanently fixed but its weight held it in the position it was placed.

Railings were in place for the fixed stair along the wall adjacent to the ramp, and at the center of the stair which was adjacent to the other side of the ramp. These previously existing handrails for the stair were 1-inch by 1-inch steel tubes. They followed the rise and run of the fixed permanent stair that was underneath the temporary metal ramp. These stair handrails were unrelated to the rise and run of the temporary ramp, and not usable as handrails for this temporary ramp.  As such they ranged from 28 inches above the ramp surface at the top of the ramp, to 8 inches above the ramp surface at the end of fixed stair.  There were no handrails provided for the bottom 10 feet of temporary steel ramp.

Exhibit 2 Page 3



3A Willow Bay Drive  
South Barrington, Illinois 60010

www.keclikassociates.com  
O: 224.848-4425 Cell: 847.275-3293

**OPINION 3**

The metal Ramp #3, is not in compliance with 2010 ADA standards.

a) It has a slope in excess of the 1:12 maximum slope for a ramp.
   **405.2 Slope.** Ramp runs shall have a running slope not steeper than 1:12.
b) The top and bottom of the ramp had sloped surfaces greater than the centermost section of the ramp, which was at 1:7.
   **405.2 Slope.** Ramp runs shall have a running slope not steeper than 1:12.
c) There were no railings available for a user of the ramp that were designed and constructed to follow the run of the ramp surface.
   **ADA Section: 505 Handrails**
   **505.1 General.** Handrails shall be provided along walking surfaces complying with 403, required at ramps complying with 405….
   **505.10 Handrail Extensions.** Handrail gripping surfaces shall extend beyond and in the same direction of stair flights and ramp runs in accordance with 505.10.
   **505.10.1 Top and Bottom Extension at Ramps.** Ramp handrails shall extend horizontally above the landing for 12 inches (305 mm) minimum beyond the top and bottom of ramp runs. Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent ramp run.
   **505.7 Cross Section.** Handrail gripping surfaces shall have a cross section complying with 505.7.1 or 505.7.2.
   **505.7.1 Circular Cross Section.** Handrail gripping surfaces with a circular cross section shall have an outside diameter of 1 1/4 inches minimum and 2 inches maximum.

The metal ramp was not fixed to the structure of the building, and as such could move or dislodge entirely from its location and fall under unforeseen circumstances.

The existing stair rails that were at either side of the temporary ramp while not usable as handrails for Ramp #3, also did not meet ADA handrail standards for gripping surface and size.

Exhibit 2 Page 4



3A Willow Bay Drive
South Barrington, Illinois 60010

www.keclikassociates.com
O: 224.848-4425 Cell: 847.275-3293

Deficiencies noted with respect to The Americans with Disabilities Act of 2010 would be based upon construction date or last date of modifications. Some references would to the 1991 standard. It is noted that the 1991 ADA Standards for Accessible Design could be used for design of new construction and alterations until March 14, 2012. Starting on March 15, 2012, compliance with the 2010 ADA Standards for Accessible Design were required.

Keclik Associates Ltd. has based the above observations and findings on the information obtained at the time of the inspection and the preparation of this report. The above findings and conclusions are made to a reasonable degree of scientific and architectural certainty. Keclik Associates reserves the right to add to, or modify these observations and, conclusions should additional information become available.

Respectfully submitted by,

*Gary B. Keclik*

Licensed architect, State of Illinois

Exhibit 2 Page 5